Hillside Coal and Iron Company *v.* E. A. Heermans, George Waters, Jr., F. W. Fleitz and Frank T. Okell, Appellants, and H. M. Streeter, Executor under the will of W. I. Pitt, deceased.

*Nonsuit—Delay in prosecuting action—Ejectment.*

In considering the question of undue laches in prosecuting an action there is a material difference between personal and real actions.

Where an action of ejectment was brought in 1881 against a person who claimed adverse possession from 1872, and the defendant sold his interest in the land to other parties in 1895, the defendant's vendees have no standing in 1898 to demand that the case shall be non-prossed because of undue laches of the plaintiff in prosecuting the action. Waring v. Pa. R. R. Co., 176 Pa. 172, distinguished.

*Ejectment—Lis pendens—Act of April 26, 1856.*

Under the Act of April 22, 1856, P. L. 532, sec. 2, declaring that no purchaser shall be affected with notice of pendency of an action of ejectment, unless such action be indexed against the defendant, and any terre-tenant made a party thereto, the lis pendens is notice to one purchasing fourteen years after commencement of the action.

Argued Feb. 22, 1899. Appeal, No. 26, Jan. T., 1899, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1881, No. 330, refusing a motion to non-pros. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in Blakely township. Before ARCHBALD, P. J.

At the trial it appeared that on July 25, 1881, plaintiff instituted an action of ejectment against William I. Pitt for the land in controversy, which suit was duly indexed in "The Ejectment Index" according to the Act of April 26, 1856, P. L. 532.

Pitt had settled upon the land in 1872 and claimed it ad-

versely. In March, 1895, E. A. Heermans, George Waters, Jr., S. W. Fleitz and Frank T. Okell purchased the land from Pitt. Subsequently the plaintiff was permitted to amend the writ so as to add as parties to the record the purchasers from Pitt. The purchasers then took a rule to non-pros the action because it had not been duly prosecuted. This rule was discharged. The case then went to trial, and the court gave binding instructions for the plaintiff.

Verdict and judgment for plaintiff.

*Errors assigned* among others were (1) in permitting the amendment of the writ; (4) in refusing to non-pros, and (7) in directing a verdict for plaintiff.

*A. A. Vosburg*, with him *Charles W. Dawson*, for appellants. —If the degree of negligence has been so great as to have induced the public to believe that the prosecution of the suit had been abandoned, the court may well hold the plaintiff or complainant estopped from claiming to the contrary: Gibler v. Trimble, 14 Ohio, 323; Harrington v. McCollum, 73 Ill. 483; McConnel v. Hanley, 7 J. J. Marsh (Ky.), 528; 2 Herman on Estoppel, 1074; Neel v. McElhenny, 6 Dist. Rep. 679; Mann v. Roberts, 11 La. (Tenn.) 57; Bennett on Lis Pendens, 180; Bigelow on Estoppel, 480; Watson v. Wilson, 2 Dana, 408; Preston v. Tubbin, 1 Vernon, 286; 2 Sugden on Vendors, 535; Trimble v. Boothby, 14 Ohio, 109.

We hold, therefore, that though a party may have the benefit of the rule lis pendens, yet, as against bona fide purchasers without actual notice, that benefit may be lost by such negligence, delays or laches as are not only culpable in himself, but injurious to others: Fox v. Reeder, 28 Ohio, 189.

The party relying upon the pending suit as notice to the purchaser, must show that he has been constant and continuous in its prosecution: Ferrier v. Buzick, 6 Iowa, 260.

In the absence of any decision of the Supreme Court of Pennsylvania to the contrary, it seems to us that these authorities should have much weight.

*Everett Warren*, of *Willard, Warren & Knapp*, for appellee. —The doctrine of lis pendens does not stand on the ground

of notice. Pending litigation neither party can be permitted to alienate the contested property, so as to affect the rights of the other: Bennett on Lis Pendens, 173; Dovey's App., 97 Pa. 153; Green v. Rick, 121 Pa. 141; Fox v. Reeder, 28 Ohio, 181.

Who shall decide what is reasonable and what is unreasonable time for bringing the action to trial? We submit that the court having jurisdiction of the cause of action of the parties, and having control of its records, is the proper tribunal to decide this question. The three judges of the court of common pleas of Lackawanna county have by a unanimous opinion refused to enter judgment of non pros. in this case after a careful consideration of all the circumstances surrounding it, with evidence before them of delay and the cause of delay, and we submit that it was discretionary with the court to decide this question, and this court will not strain a point to deprive the appellee of its property, and place it in the possession of parties who purchased it with actual notice of the appellee's claim upon the records of the county where the land is located.

OPINION BY MR. JUSTICE GREEN, April 24, 1899:

In the case of Waring v. Penna. R. Co., 176 Pa. 172, we considered with some care the subject of granting compulsory nonsuits because of the delay of plaintiffs in prosecuting their suits. We sustained the court below in granting such a nonsuit after a delay of nearly fifteen years on the part of the plaintiff in proceeding with his cause. We held that under all the authorities there was no doubt about the power of the court to grant such nonsuits, and we also held that in view of the facts appearing on that record it was a proper case in which to exercise the power. That action however was a personal action to recover damages for an alleged unjust discrimination in freight rates. It was also the fact that after the issue and service of the writ of summons no further step had been taken until nearly fifteen years later when for the first time the plaintiff filed a statement and affidavit of claim. So that, in point of fact, while the summons was issued in November, 1879, no statement of the plaintiff's claim and no narr. was filed until October, 1894. There was nothing on the record during all that time which informed the defendant as to what was the cause of action. When the

statement was filed it appeared that the cause of action arose in 1873, which was nearly twenty-one years before the statement was filed.   In these circumstances and for the reasons appear-, ing in the opinion we sustained the nonsuit granted by the court below.

In the present case none of these features is found except the period of delay.   But here the action is ejectment to recover possession of two tracts of land containing together about twenty-one acres, both of which tracts were minutely described in the writ of summons.   The defendants were immediately apprised by the writ of summons which was served upon them, as to the exact character of the demand made upon them.   They then, at once, knew that the action was ejectment and that its purpose was to recover the possession of the land described in the writ, and they knew precisely what land it was.   In the Waring case it was almost twenty-one years after the alleged cause of action arose before it was disclosed on the record, a period during which the statute of limitations would have barred the plaintiff's claim more than three times over.   In the present case the possession of the predecessor in the title of the defendants did not commence until 1872, and the action of ejectment was brought in 1881, so that the learned court below correctly instructed the jury that no title by adverse possession could be set up either by the defendants or their grantor, Pitt.   In the court below the question of the right to a nonsuit was chiefly decided on the ground of notice by lis pendens.   At the time of the purchase by the defendants of the land in question in this suit the present action of ejectment was pending.   It had been brought in 1881 against W. L. Pitt, who sold the land to the other defendants, and was duly indexed in the Ejectment Index in accordance with the Act of April 22, 1856, P. L. 532.   That act, section 2, provides that, " No purchaser or mortgagee shall be affected with notice of the pendency of any ejectment or action to recover real estate, or to compel conveyance thereof unless such action shall be indexed against the defendant and any terre-tenant made a party hereto in a book to be kept by the prothonotary and called the ejectment index for which the plaintiff shall furnish the necessary information."   In the case of Green v. Rick, 121 Pa. 130, we said, CLARK, J.: " The whole doctrine of lis pendens in this country is said to be founded

upon the opinion of Chancellor Kent in Murray v. Ballou, 1 Johns. Ch. 566 : ' The established rule,' said the Chancellor, ' is, that a lis pendens duly prosecuted and not collusive, is notice to a purchaser so as to affect and bind his interest by the decree, and the lis pendens begins from the service of the subpœna after the bill is filed. Where a purchase is made of property actually in litigation, pendente lite, upon a valuable consideration, and without express or implied notice in point of fact, the purchaser is affected in the same manner as if he had such notice; and he will accordingly be bound by the judgment or decree in the suit : Story's Equity Jurisprudence, sec. 405.' " In Hersey v. Turbett, 27 Pa. 418, we held that where a party purchases at sheriff's sale, pending an action of ejectment for the premises, in which the persons whose title he purchases are parties, he is affected with notice of it and bound by the decree in the case as much as if he was an actual party to it. Lewis, C. J., delivering the opinion said : " When Mr. Oliphant purchased the interest of Blocher & Co. pending the ejectment he was bound to take notice of it, as lis pendens. It was his duty to prosecute his rights in that action. If money was to be paid to perfect his title he acquired the right by his purchase to pay the money and receive the title. He is as much bound by the decree in that suit as if he had been a party."

Applying this doctrine to the defendants in the present action, it is clear that they must be regarded as having had full notice of the pending action brought in 1881, and to have made their purchase in 1895, charged with such notice. It then became their duty to prosecute their rights in that action, and they would be as much bound by the decree in that suit as if they were parties to it. If this be so it is difficult to see how they could be entitled to have a judgment of nonsuit when it is simply sought to have them made actual parties to the suit and thus enabled to make any and every defense against the plaintiff's right of recovery. The delay that had previously elapsed could work no injury to them, since they did not make their purchase until 1895, and, if in that year they became affected with notice of the lis pendens, it was but a very brief delay until the time of trial.

But even upon the general question, whether a delay of fourteen years in the prosecution of the action against the original

defendant would entitle him to a judgment of nonsuit as to himself, we think the considerations presented in the opinion of the learned court below clearly demonstrate that the nonsuit should not be granted. This being an action for the recovery of land, the delay was far short of the period of the statute of limitations. It could scarcely be contended that a defendant should be entitled to establish title to land by means of a judgment of nonsuit by delay of the plaintiff for fourteen years in prosecuting his action, when the law does not permit a title to be established by means of adverse possession for less than twenty-one years. Title by adverse possession is the only title set up in this case. But, as the action was brought in 1881, and the adverse possession only commenced in 1872, it was entirely insufficient to confer any title. It must be conceded that, in considering the question of undue laches in prosecuting the action, there is a material difference between personal and real actions. The statute of limitations in the former is but six years, while in the latter it is twenty-one years. As to the latter, under the act of 1785, giving title by adverse possession of twenty-one years, a mere entry by the true owner animo clamandi preserved his title for a full period of twenty-one years thereafter, as the law was originally, and as it is yet, if followed by an action of ejectment within one year: Act of April 13, 1859, P. L. 603, sec. 1. In all personal actions no such, nor any similar, right exists. In Orr v. Cunningham, 4 W. & S. 294, it was said by GIBSON, C. J., " The time necessary to raise a presumption which acts on an interest in land has been eventually reduced to the standard of the statute of limitations." In McLaughlin v. Shields, 12 Pa. 283, this Court held that a delay of eighteen years in enforcing a contract for the purchase of land is not a bar to a suit for the land where a large part of the price has been paid, and a judgment entered for the residue, the interest on which was more than paid by the rents and profits.

It is further to be considered that the granting of a nonsuit for such a cause as this is a matter within the discretion of the court to which the application is made. We attached importance to that feature in the Waring case, supra, and think we should do so here. There was certainly no abuse of discretion in refusing the nonsuit in this case, on the contrary, we think the discretion of the court was wisely exercised in the rejection

of the application. For all the reasons we have indicated we are clearly of opinion that it was not a proper case in which to grant a nonsuit for delay in the prosecution of the suit.

Judgment affirmed.