217     97
f217    402

</div>

---

# Cunningham *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Fellow servant—Vice principal.*

A workman on a construction train was injured by the sudden starting of the train without warning upon the signal of the supervisor of the construction work who was not in charge of the train and was 175 yards away from it at the point to which he wanted it to advance for the purpose of unloading.    The duty to give warning of any movement of the train did not rest with the supervisor but with those in charge of it.    Held, that even if the supervisor were a vice principal (which is not decided) there was nothing to show negligence upon his part and that the plaintiff was not entitled to recover.

Argued Jan. 8, 1907.    Appeal, No. 134, Jan. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1903, No. 2,018, on verdict for plaintiff in case of James J. Cunningham v. Pennsylvania Railroad Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before BARRATT, J.

The circumstances of the accident are set forth in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $7,500.    Defendant appealed.

*Error assigned* among others was in refusing motion for judgment for defendant non obstante veredicto.

*Sellers & Rhoads*, for appellant.—Upon the testimony on

behalf of plaintiff, it is contended there is no theory which justifies plaintiff's recovery. If the facts show that the train was started without warning, such failure was due to the neglect of a fellow workman. It is contended, therefore, that the motion for nonsuit should have been granted: Lehigh Valley Coal Co. v. Jones, 86 Pa. 432; New York, Lake Erie, etc., R. R. Co. v. Bell, 112 Pa. 400; Spancake v. Phila. & Reading R. R. Co., 148 Pa. 184; Hoover v. Railway Co., 191 Pa. 146; Kennelty v. R. R. Co., 166 Pa. 60; Reusch v. Groetzinger, 192 Pa. 74; Spangler v. B. & O. R. R. Co., 213 Pa. 320.

*Horace L. Henderson*, for appellee.—An employee delegated with such duties and exercising such powers is not of the grade of a boss or foreman, engaged in work in common with all, but is a representative of the principal in entire charge of a branch of his business: Lewis v. Seifert, 116 Pa. 628; Prevost v. Ice, etc., Co., 185 Pa. 617; Coal Co. v. Jones, 86 Pa. 432.

The liability for negligence of employees in "entire charge" has been announced and enforced in cases whose circumstances constitute them conclusive precedents against the appellant's argument of "common employment" in this case: Mullan v. Steamship Co., 78 Pa. 25; stevedore in charge of unloading vessel: Lewis v. Seifert, 116 Pa. 628; train dispatcher: Dougherty v. Dobson, 214 Pa. 252; foreman of spinning department: Green v. Oil Co., 216 Pa. 35; superintendent of repair shops: Valentine v. Colburn Co., 10 Pa. Superior Ct. 453; superintendent of a department of factory.

If Potter was a vice principal, the only question that remains is, whether there was any evidence of negligence on his part in directing the train to be started which should have been submitted to the jury. There was such evidence: Penna. R. R. Co. v. Barnett, 59 Pa. 259; McKee v. Bidwell, 74 Pa. 218; Neslie v. Ry. Co., 113 Pa. 300; Fisher v. Ry. Co., 131 Pa. 292; Dougherty v. Dobson, 214 Pa. 252; Green v. Oil Co., 216 Pa. 35; Mapes v. Provision & Packing Co., 31 Pa. Superior Ct. 453; Hoke v. Ry. Co., 88 Mo. 360.

OPINION BY MR. JUSTICE STEWART, February 25, 1907:

This appeal is from the order of the court refusing a motion for judgment for defendant non obstante veredicto. The

facts as established by the finding of the jury are these: The plaintiff was one of some twenty-five workmen employed about a construction train in the work of loading and unloading gravel along the line of the defendant's roadbed. The train consisted of some six or eight open cars, and was in charge of a conductor. On the morning of the accident, the cars having been loaded and the train being about to proceed to the point for the distribution of the gravel, the workmen were directed by their foreman to get aboard the cars and begin the work of unloading, when the train stopped. The plaintiff took his position on the car farthest from the engine. After proceeding about 500 yards on the main track, the train came to a stop on the signal of the foreman, and the plaintiff at once proceeded with his work. While in the act of sticking his shovel into the gravel the train suddenly, without notice or warning, and within a moment after it had come to a rest, again started with a severe jolt, which threw plaintiff overboard. In the fall, and what resulted directly therefrom, he sustained serious injury. As the case was submitted to the jury, on the theory that the facts would be found to be as testified by the plaintiff's witnesses, negligence in the matter of starting the train was assumed, and the only question was, whose was the negligence? One of the plaintiff's witnesses testified that the train started upon the signal of Hounslow, who was a foreman; all the others testified that the signal was given by a Mr. Potter, who the evidence shows was supervisor of the work of repair, and Hounslow's superior. The learned trial judge made it very clear in his charge to the jury, that no liability would result to the defendant from any negligence of Hounslow in this connection, inasmuch as being a fellow employee with the plaintiff, the latter must be held to have assumed all such risks in the course of his employment. He held, however, and so instructed the jury, that if the train started on a signal given by Potter, the defendant company would be liable in this action, for the reason that Potter stood in the relation of vice principal, and that what he did must be regarded as the act of the company. The finding of the jury was that Potter gave the signal, not Hounslow. In our view of the case, it is immaterial whether Potter be regarded a fellow employee with plaintiff or a vice

principal; the result must be the same in either case. If the former, of course no liability attached to the defendant for his act for the reason stated by the court; if the latter, the same result must follow, but for a different reason. How inconclusive, with respect to the main question in the case—the negligence of the defendant company—the finding of the jury that Potter gave the signal for the train to start, was, is made apparent by an examination of the evidence. Potter is shown to have been at the time of the accident supervisor of this particular construction work, but there is not a particle of testimony that connects him, even indirectly, with the operation and movement of the train. He is not shown to have been on or about the train the morning of the accident; nor does it appear that his duty required him to accompany the train at any time. It was his business to indicate the places along the line of the road where the gravel was to be unloaded, where the train should stop for this purpose, and to what point it should proceed; but the actual movement of the train, the starting and stopping the machinery that produced the movement, these were matters of detail with which he is not shown to have had anything to do. In the absence of all evidence to the contrary, it is to be supposed that authority with respect to these was committed to the conductor in charge of the train. On this particular occasion the train, after running about 500 or 600 yards from where the gravel was loaded, had stopped short of the place where Potter wanted it discharged. He was at that time 175 yards away, and was seen by plaintiff's witnesses to signal for the train to advance further. It was the sudden starting of the train, following the signal from Potter, that occasioned the accident; but where was there any negligence in what was done by Potter in this connection? If the train was not where it should be for purposes of unloading, he was strictly in line of duty in requiring it to proceed further. In communicating his order to this effect to those in charge of the train, it is not pretended that he adopted any unusual or unreasonable method. Whether the signal was given to the conductor of the train or to the engineer does not appear; nor does it appear whether or not any intermediate order was given. All that the evidence discloses is, that the movement of the train

followed immediately upon Potter's signal.   The sudden and
violent starting of the train without warning, under such cir-
cumstances as we have here, might well be regarded as a
negligent act; but how is it possible to derive from the facts
of the case any duty resting upon Potter to give such warn-
ing?   How could he have done it except by proceeding to
where the train was?   If a vice principal, he had a perfect
right to assume that those in charge of the train, whose duty
it was to obey the signal given by him, would act with ordi-
nary prudence in carrying it out: Hoover v. Railway Com-
pany, 191 Pa. 146.   The customary way of giving warning in
such cases, as we all know, is by bell or whistle, both of which
were under the immediate control, in this case, of the engineer.
If additional warning is required at any time, it is only natural
to expect it to come from the conductor in charge of the train.
It is so obviously the duty of these particular employees to see
that accustomed signals are given when occasion calls for
them, that there is no escape from the conclusion that for the
failure to give such warning here, upon one or both must rest
the responsibility for what resulted from the omission.   Pot-
ter, as we have said, had a right to expect that such warning
would be given; his duty did not require him to go to the
train to see that it was given.   The result of the verdict was
to charge the responsibility upon Potter, without a particle of
evidence from which an inference could be drawn that what
he did in the matter was negligently or improperly done, or
that he omitted anything that was his duty to do.   Had he
been a mile away when he gave the signal, it could not have
been pretended that it was incumbent upon him to see that
warning was given before starting the train.   The fact that
he was only 175 yards from the train when he gave the signal
affects only the practicability of his giving the warning, and
not his duty in this regard.   We are not to be understood as
conceding that he was a vice principal; we have assumed it
only to show that were this a fact in the case, the evidence
would not warrant a recovery.   It discloses no negligence for
which the defendant was responsible.

The order discharging the rule for judgment non obstante
veredicto is reversed, and record is ordered to be remitted for
the court below to enter judgment in accordance herewith.