## Wildermuth v. Philadelphia & Reading Railway Company

*James J. Curran* and *P. B. Roads*, for plaintiff; *M. M. Burke*, for defendant.

HICKS, P. J., January 7, 1935.—The action was commenced on May 18, 1921, by the filing of a præcipe for a summons. On July 29, 1921, the statement of

claim was filed. No further action has been taken since then by the plaintiff looking towards trial or other disposition. On May 28, 1934, the defendant presented its petition setting forth the foregoing facts and thereupon, in compliance with the prayer of the petition, this court awarded a rule "to show cause why judgment of nonsuit should not be entered", returnable June 11, 1934.

Instead of demurring or answering the rule on its merits, the plaintiff, on June 13, 1934, through his counsel, whose appearance had been entered on May 8, 1934, presented his petition for a rule to show cause why the defendant's rule of May 28, 1934, should not be discharged for the reason that due notice of presentation of the defendant's petition had not been given as required by the Act of February 21, 1767, 1 Sm. L. 271, sec. 1, 12 PS §641, and because the defendant's petition is irregular and not self-sustaining in law. To the rule issued thereon, the defendant filed its answer.

In the first place, the Act of 1767, supra, does not require that notice of presentation of the petition for a rule shall be given plaintiff or his attorneys. It provides: "where any issue is or shall be joined in any action or suit at law, . . . and the plaintiff . . . hath or have neglected . . . , to bring such issue on to be tried, . . . it shall and may be lawful for the Judges . . . , upon motion made in open Court, due notice having been given thereof, in open Court, the preceding term, to give the like judgment for the defendant . . . as in cases of non-suit, . . ."

Due notice is required only prior to entry of the actual judgment, not of the presentation of a petition for a rule for judgment, service of which is made and an opportunity to answer afforded. Before the judgment will be given, if ever, on the pending rule, every requirement of the act will have been complied with.

The plaintiff, in his petition, also stated that the defendant's petition is irregular and not self-sustaining in law. This reason is so general and evasive as to be valueless. The meaning of it is gathered from the plaintiff's brief and is that the rule should have been for a judgment of non pros instead of nonsuit, citing an opinion of this court in Brode v. Silver Brook Coal Co., 15 Schuyl. 94, 96. There Koch, J., says: " 'Judgments of non-suit and non pros are, in modern practice, different judgments; the former involves the nonappearance on call of the plaintiff on the trial, or such defect in point of law or inadequacy of proof as renders it impolitic or impossible for the plaintiff to proceed with the suit'. McElroy v. Reading, 7 Phila. 433; Walton v. Lefevre, 17 Lanc. L. Rev. 203. A judgment of non pros is a judgment by default for laches. Ibid."

Technically, we agree with the court's utterance. The courts, in speaking of judgment in such case of delayed prosecution, have not always kept this distinction in mind and have interchangeably used the terms non pros and nonsuit. See Hillside C. & I. Co. v. Heermans, 191 Pa. 116, 120, 121, 122, where the term "nonsuit" is used four times. However, granting that the rule should have been for a judgment of non pros, being unwilling to lend our aid to any further delay in this case, already too long, we will look through the technicalities to a decision on the merits of the application for adverse judgment against the plaintiff for his inordinate delay in prosecution of the suit and treat the rule as one for a non pros. The accident giving rise to this action occurred over 14 years and 6 months ago. The statement of claim was filed almost 13½ years ago, and nothing further has been done. Technicalities and the niceties of practice should not be permitted to delay any further proceedings.

If it were not for the plaintiff's right to answer the merits of the defendant's

376

rule of May 28, 1934, for judgment of nonsuit, so-called, now treated by us as one of non pros, and to be afforded an opportunity to justify this overlong delay, we would now, on the face of the record, decide the issue in harmony with the reasoning of the court in Potter Title & Trust Co., Admr., v. Frank et al., 298 Pa. 137, beginning on page 139 to the end of the opinion.

And now, January 7, 1935, the rule to show cause why the rule for judgment of nonsuit should not be discharged is hereby discharged, and the plaintiff is hereby directed to answer the rule of May 28, 1934, on the merits within 15 days from this date. Upon failure to do so, the prothonotary is directed to enter judgment of non pros against the plaintiff and in favor of the defendant.