Helen E. Beckman and Wilson W. Movic, Administrators of the Estate of Clarence M. Raible, Deceased *v.* Redevelopment Authority of the City of McKeesport, Allegheny County, Pennsylvania, Appellant.

Argued May 2, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas J. Dempsey*, for appellant.

*Robert Palkovitz*, with him *Palkovitz and Palkovitz*, for appellees.

OPINION BY JUDGE MENCER, June 16, 1977:

The issue raised in this appeal from a lower court's dismissal of preliminary objections to a petition for appointment of viewers is whether the evidence supports an alleged de facto taking.

Helen E. Beckman and Wilson W. Movic (petitioners) are the administrators of the estate of Clarence M. Raible. They are also the administrators of the estate of George J. Raible. During their lifetimes, the Raible brothers individually acquired two contiguous lots by separate deeds apparently executed the same day by the same grantor. The lots were used as a parking lot in the City of McKeesport, Allegheny County.

In April of 1975, petitioners filed a petition for the appointment of viewers, pursuant to Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), alleging the liability of the Redevelopment Authority of

the City of McKeesport (Authority) for the payment
of damages for the taking of the parking lot property.
They averred that the Authority, on or about January
1, 1973, took possession of the parking lot property
but did not make any offer of payment for the same
and that subsequent thereto it has authorized and di-
rected a developer to take possession thereof and
utilize the same. The Authority filed preliminary ob-
jections asserting, *inter alia*, the failure of the petition
to state a cause of action in the nature of a de facto
taking.[1] The objections were answered by petitioners,
and the matter proceeded to an evidentiary hearing
before the Court of Common Pleas of Allegheny Coun-
ty.

At the hearing, petitioners' sole witness was one
of the attorneys for the estate, the partner of the at-
torney representing the estate at the evidentiary hear-
ing. He testified that, on or about January 1, 1973,
the Authority took possession of the subject property
through the company hired to wreck a nearby building.
On cross-examination, the attorney explained that
sometime near the beginning of 1973 he had seen a
crane and two trucks on the parking lot. While he
remembered that *some* of the three vehicles were
marked with an erecting company's name, he was un-
sure of the name. Moreover, while he repeatedly stat-
ed that his observations were his sole source of knowl-
edge on the issue of the alleged taking by the Authori-
ty, he did not explain how his observations afforded
him personal knowledge that the Authority had hired

---

[1] The preliminary objections also asserted that Clarence Raible's
portion of the parking lot had been formally condemned along with
the portion of the lot belonging to George Raible. This condemna-
tion was averred to have been effected by a June 1975 amendment
to a March 1973 declaration of taking. However, these documents
were never introduced into evidence. Accordingly, we are unable to
comment further upon them.

the contractor whose name appeared on some of the vehicles.

In addition, the attorney testified that since mid-1974 the property in question has been owned by the owners of the Midtown Plaza. However, he did not specifically identify the owners, much less the grantor, nor was a deed introduced into evidence.

On the strength of this evidence, the lower court found that on about January 1, 1973 the Authority took possession of the subject property through its agent and that in mid-1974 the Authority conveyed title to the property to the owners of the Midtown Plaza. Concluding that a de facto taking had occurred on January 1, 1973, the court dismissed the Authority's preliminary objections. The Authority then appealed to this Court.

We have previously noted that whether a de facto taking has occurred entitling a property owner to relief depends upon whether the facts in the particular case demonstrate that action by a condemning entity resulted in such an injury to property as to substantially deprive the owner of the beneficial use and enjoyment thereof. *See Elias v. Pennsylvania Department of Transportation*, 25 Pa. Commonwealth Ct. 605, 362 A.2d 459 (1976). In *Elias*, we concluded that interference with the use and enjoyment of the property at a time pertinent to the petition for appointment of viewers had not been sufficiently proved. We must come to the same conclusion in the instant case.

We hold that the few facts which the present record reveals are not sufficient to support an asserted de facto taking. *See Conroy-Prugh Glass Co. v. Commonwealth*, 456 Pa. 384, 321 A.2d 598 (1974). In particular, the record fails to reveal that the contractor's actions were authorized and directed by the Authority, that whatever vehicles did in fact belong to the contractor were on the property without the owner's

consent, or that around the beginning of 1973 the vehicles were present in such a manner or for such a length of time or caused such damage that the owner was substantially deprived of the use and enjoyment of his property. Indeed, the record in this case does not dispel serious doubts as to who owned the property on about January 1, 1973. In short, while it appears that Clarence Raible's estate does not presently have full use and enjoyment of the subject property, the instant record does not establish that this is due to actions by the Authority on or about January 1, 1973.

Accordingly, we reverse the order of the court below and dismiss the petition for the appointment of viewers.

ORDER

AND Now, this 16th day of June, 1977, the order of the Court of Common Pleas of Allegheny County, dated November 13, 1975, is hereby reversed, and the petition for the appointment of viewers filed by Helen E. Beckman and Wilson W. Movic, administrators of the estate of Clarence M. Raible, deceased, is hereby dismissed.