418 A.2d 408

**AMERICAN BANK AND TRUST CO. OF PENNSYLVANIA, Appellant,**

v.

**RITTER, TODD AND HAAYEN, a Partnership, James U. Todd, an Individual, and Thomas A. Garrett, an Individual.**

Superior Court of Pennsylvania.

Argued June 11, 1979.

Filed Jan. 11, 1980.

Kenneth C. Sandoe, Lebanon, for appellant.

Richard H. Wix, Harrisburg, for appellees.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

In March and July of 1966, Ritter, Todd and Haayen, an accounting partnership, submitted to J. H. Greiner Company two audit reports.

In January and February of 1967 the Greiner Company applied for and received $300,000 in loans from American Bank and Trust Co. of Pennsylvania.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

Later in 1967 the Greiner Company declared bankruptcy and the Bank alleges a loss of $130,521.90 plus interest.

On January 15, 1973 the Bank commenced, by writ of summons, an action in Trespass and Assumpsit against the Accountants. The basis of this action is that the Bank relied on the Accountants' audit in approving the loans and that the audit was incorrect as a result of the negligence of the Accountants.

On May 15, 1974 Accountants obtained a Rule to Plead and the Bank filed a Complaint on June 10, 1974. From that time until July 29, 1975 Answers were filed, interrogatories were directed to the Bank and depositions were taken of the Accountants and others.

On June 6, 1977 the Prothonotary served notice on the Bank that the case would be dismissed with prejudice if not restored to active status and on June 29, 1977 the Bank petitioned to restore the case to active status and the court granted the petition. The Accountants received no notice of the Bank's petition.

No further formal action took place until March 13, 1978 when Accountants petitioned for judgment of non pros. On April 12, 1978 Accountants filed a Motion for Summary Judgment.

Both motions were argued before the lower court and on September 26, 1978 the petition for non pros was granted. No ruling was made on the Motion for Summary Judgment. The Bank has appealed from the judgment of non pros.

This Court's review is limited to the question of whether the lower court misapplied the law or abused its discretion. *Gallagher v. Jewish Hospital Association*, 425 Pa. 112, 113, 228 A.2d 732 (1967). It is our opinion that it did neither.

Appellant argues that a judgment of non pros should not be entered if the period covered by the applicable statute of limitations has not passed. Since suit was commenced January 15, 1973 and the order of non pros was granted September 26, 1978 a period of less than six years has elapsed.

■ While there may be similarity between the statute of limitations and the non pros procedure, the method of applicatoin is quite different. The statute of limitations is applied or denied on the basis of simple arithmetic, while the non pros procedure contemplates a review of all of the circumstances to determine whether a party is chargeable with want of due diligence in failing to proceed with reasonable promptness. Admittedly the statutory period may be a circumstance but it is not the controlling circumstance. The granting of a non pros is based on the equitable principle of laches. *James Brothers Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968).

■ The test governing the entry of a judgment of non pros encompasses three considerations. First, plaintiff's delay must indicate that it has not prosecuted the matter with due diligence. · Second, it must be shown there was no justification or compelling reason for the delay. Third, the delay must cause prejudice to defendant. *Kennedy v. Bulletin Co.*, 237 Pa.Super. 66, 346 A.2d 343 (1975); *Manson v. First National Bank*, 366 Pa. 211, 215, 77 A.2d 399 (1951).

Since the cause of action arose in 1967 and eleven years has passed without disposition of the case on its merits, and since no explanation of the extensive delay has been offered by the plaintiff, it is apparent that the first two elements set forth above have been met. Both parties concede that.

Appellant questions whether the lower court was correct in finding that the third test of prejudice to the defendants has been met.

The lower court held in its well written opinion: "Finally there is a likelihood of prejudice to the defendants. Memories can dim and records can disappear in so long a time even though defendants are on notice they should be put in safe keeping." *Talbot v. Delaware Trust Co.*, 384 Pa. 85, 89, 119 A.2d 518 (1956).

■ We do not construe the element of prejudice to the defendant to be limited to the death or absence of a material witness or the disappearance of a record, as the plaintiff

argues, but believe it includes any substantial diminution of defendants' ability to present factual information in the event of trial which has been brought about by plaintiff's delay.

A review of the depositions of the defendants, Todd and Garrett, and a potential witness, Rank, support the lower court's finding that the delay has prejudiced the defendant. Answers of "No, its too many years ago," (James Todd), and "I can't answer; I do not know. I do not remember. I–, I–, it's just fuzzy. I cannot remember." (David Rank), support the lower court's conclusion that even at the time these depositions were taken, memories were becoming dim.

██  Also the depositions indicate that records of auditing done for J. H. Greiner Company were destroyed by the Accountants between 1969 and 1972 and it was impossible to recall information contained in the work papers of the audits. The reason they were destroyed was that J. H. Greiner Company was bankrupt and no longer a client of the Accountants.

Finally, the Bank argues that the Motion for a Summary Judgment by the Accountants constitutes a waiver since the defendants have endeavored to force a decision on the merits.

Had the defendants listed the case for trial or taken some other action indicating a desire by the defendants to have the case eventually proceed to trial or if they were the cause of the delay, the Bank's argument would have more logic. But that is not the case here for the Motion for Summary Judgment is consistent with the defendants' desire to have the court dispose of the case without the necessity of a trial. Under these circumstances we do not believe there was a waiver.[1]

1. *Poluka v. Cole*, 222 Pa.Super. 500, 295 A.2d 132 (1972), and *Pennsylvania Railroad Company v. Pittsburgh*, 335 Pa. 449, 6 A.2d 907 (1939) are distinguishable because the defendant took steps toward trial of the case on its merits, which was held to be a waiver.

Our review of the case convinces us that the trial judge correctly applied the law and did not abuse his discretion in ordering the non pros.

We therefore affirm the entry of judgment of non pros.