Robert N. Lando, Executor of the Estate of Gerald G. Balch, Deceased, Appellant *v.* Urban Redevelopment Authority of Pittsburgh, Appellee.

Argued December 6, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*William P. Bresnahan,* with him *Edward C. Milburn,* of *O'Donnell, Bresnahan, Caputo & Capristo,* for appellant.

*Marion E. Popiel,* for appellee.

OPINION BY JUDGE MACPHAIL, March 5, 1980:

Robert N. Lando (Appellant), appeals to this Court from an order of the Court of Common Pleas of Allegheny County sustaining the preliminary objections of the Urban Redevelopment Authority of Pittsburgh (Authority) to Appellant's Petition for Appointment of Viewers. The only issue before us is whether the trial judge erred in ruling that the petition was untimely filed. We hold that he did not err and, accordingly, we affirm.

The facts of this case are not in dispute. On December 12, 1971, Gerald G. Balch was the owner in fee simple of the property known as 1301 Adams Street, Pittsburgh. Mr. Balch died on February 23, 1978 and Appellant was appointed executor of his estate. On January 15, 1979, Appellant filed a Petition for the Appointment of Viewers pursuant to Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e). In the petition, Appellant alleged that on December 12, 1971 the Authority, a governmental body clothed with the power of eminent domain, had substantially interfered with the beneficial use and enjoyment of the Adams Street property. He further asserted that this interference amounted to a de facto taking entitling him to the appointment of viewers to determine just compensation for the injury to the property. The Authority filed preliminary objections to the petition alleging, *inter alia,* that the petition was not filed within six years of the alleged de facto taking as is required by Section 524 of the Code, 26 P.S. §1-524,[1] and, therefore, that it was barred by the statute

_____

[1] Section 524 was repealed, effective June 27, 1978, by Section 2(a) [1376] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1376]. A provision similar to Section 524 is now found in Section 5527(4) of the Judicial Code, 42 Pa. C.S. §5527(4). A *new* provision setting forth a 21 year statute of limita-

of limitations. The trial judge sustained the Authority's objection on the basis of the statute of limitations and dismissed the petition without deciding the remaining preliminary objections. The case is now properly before us for disposition.

Section 524 of the Code, 26 P.S. §1-524, provided that:

> A petition for the appointment of viewers for the assessment of damages for a condemnation or compensable injury may not be filed after the expiration of six years from the date on which the condemnor made payment in accordance with section 407(a) or (b) of this act [the Code] where the property or any part thereof has been taken, or from the date of injury where the property has been injured but no part thereof has been taken.

Appellant would have us analyze Section 524 in three phases: (1) actual takings where the condemnor has made payment, (2) injuries without actual taking, both of which would be subject to a six year statute of limitations and (3) actual takings, separate from injuries, where the condemnor has made no payment and which, apparently, would be subject to no statute of

---

tions in cases where a taking has occurred without compensation having been paid to the condemnee may now be found in Section 5530(a)(3) of the Judicial Code, 42 Pa. C.S. §5530(a)(3). Because we hold that on the facts of this case the limitations period set forth in Section 524 expired on December 11, 1977, we need not consider the effect of the limitations periods set forth in Sections 5527 and 5530 of the Judicial Code, 42 Pa. C.S. §§5527 and 5530. Section 25 of the Appendix to the Judicial Code makes clear that no cause of action fully barred prior to the effective date of the Judicial Code (June 27, 1978) could be revived because of the provisions of that law. The Superior Court in *Wiegand Appeal*, 214 Pa. Superior Ct. 371, 257 A.2d 627 (1969), reached a similar conclusion concerning Section 524 and an earlier statute of limitations applicable to eminent domain matters.

limitations until a payment was made. Furthermore, Appellant argues that "injury" in terms of Section 524 refers only to consequential damages as defined in Section 612 of the Code, 26 P.S. §1-612, that is "damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken." Finally, Appellant argues that since the condemnation of which he complains does not come within the definition of injury, *i.e.* consequential damages, and since there has been no payment made for the taking alleged, the third, implied, provision of Section 524 is applicable here. Therefore, he argues, any statute of limitations applicable to this case has not yet even begun to run.

The key to determining the issue before us is an understanding of the terms "de facto condemnation" and "injury" as they relate to Section 524. Appellant's interpretation of a de facto condemnation as either a "taking without compensation" or an "injury" limited only to consequential damages is incorrect in part and overly restrictive in part. It is incorrect because "taking without compensation" is not a de facto taking. If a condemnor actually "takes" property, with or without paying compensation to the condemnee, the taking constitutes a *real condemnation, not a de facto condemnation.* If a condemnor's acts do not constitute an actual taking, but rather a substantial deprivation of a landowner's beneficial use and enjoyment of his property, the deprivation constitutes a compensable injury and a de facto taking or condemnation. *Griggs, v. Allegheny County,* 402 Pa. 411, 414, 168 A.2d 123, 124 (1961), *rev'd on other grounds,* 369 U.S. 84 (1962); *Beckman v. Redevelopment Authority,* 30 Pa. Commonwealth Ct. 576, 579, 374 A.2d 985, 986 (1977). Such deprivation, although

possibly including consequential damages, goes far beyond such a restrictive. definition of injury. Section 524, then, contained statutes of limitations for both real and de facto condemnations. We are concerned here only with the latter.

The trial court agreed with Appellant's allegation that the facts of this case amounted to a de facto taking. Contrary to Appellant's assertion, however, that the condemnation arose from a "taking without compensation," the court found that

accepting [Appellant's] view of the facts, . . . his property was *'injured'* by the activities of [the Authority]. Under law he was given the right to file a Petition for the Appointment of Viewers for the purpose of determining the extent of the *injury* he sustained. This right however does not continue ad infinitum and is limited by the applicable Statute of Limitations in this case, to-wit, six years from the *date of injury. We believe that the date of injury and the date of the de facto taking are co-incident, otherwise a de facto taking would have no legal significance.* (Emphasis added.)

We agree.[2] The date of the de facto taking as alleged by Appellant was December 12, 1971. The six year statute of limitations applicable to the cause of action expired on December 11, 1977. The Petition for Appointment of Viewers was not filed until January 15, 1979. It clearly was untimely and the trial court was correct in sustaining the Authority's preliminary objection based on the limitations period.

---

[2] Because the trial court found and we affirm that the condemnation in this case arose from a compensable injury rather than from an actual taking, we find it unnecessary to determine whether, prior to the enactment of the Judicial Code, different statutes of limitations applied to actual takings depending upon whether or not compensation was paid to the condemnee.

Order affirmed.

ORDER

AND Now, this 5th day of March, 1980, the Order of the Court of Common Pleas of Allegheny County, Civil Division, at G.D. 79-1105 dated April 19, 1979, sustaining the preliminary objections of the Urban Redevelopment Authority of Pittsburgh and dismissing the Petition for Appointment of Viewers of Robert N. Lando, Executor of the Estate of Gerald G. Balch, is affirmed.

President Judge Bowman did not participate in the decision in this case.

Judge DiSalle did not participate in the decision in this case.