## Hollabaugh v. Slippy Dippin, Inc.

*Lawrence S. Markowitz,* for plaintiff.
*Michael M. Badowski,* for defendant.

SPICER, *P.J.,* April 28, 1986—This case involves a minor plaintiff who allegedly suffered an injury while riding on defendant's water slide on July 7, 1978. Defendant seeks to have the case dismissed because of inordinate delay.

Plaintiff's counsel filed a praecipe for a writ of summons on March 31, 1980. The writ was served April 12, 1980, after which no activity occurred until the prothonotary listed the case for dismissal under Local Rule 211. This was this court's version of the since-repealed 240-day rule. Plaintiff responded to the listing by requesting an extension of time in which the case could be certified for trial. The request was filed November 21, 1980 and alleged that defendant had declared bankruptcy and that discovery was incomplete. By order of November 21, 1980, the period for certification was extended until November 1, 1981.

The next activity occurred when a complaint was filed June 13, 1985. Defendant responded by filing a petition for non pros on December 13, 1985. In the petition, it was alleged that counsel acting for defendant in reality represented an insurance carrier which might have provided coverage during the time of the incident.

The court issued a rule on plaintiff to show cause why a judgment of non pros should not be entered. The return date and hearing were set for January 13, 1986. Plaintiff then moved for a continuance, citing prior trial commitments, and represented that the parties agreed that the matter be continued for argument set for February 13, 1986.

It became apparent that the case was not ready for argument because no facts had been established. Accordingly, a hearing was scheduled for and held on March 26, 1986 before Judge Kuhn. Judge Kuhn has entered findings of fact which are incorporated herein by reference.

. Briefly, these facts show that defendant corporation's affairs were conducted by two persons who were husband and wife at the time of the incident. They kept a journal in which notes of incidents were entered. The journal has been lost and neither former corporate officer can remember what happened to the journal.

Defendant filed for bankruptcy in October of 1979 and was discharged on December 21, 1979. Although plaintiff's claim was listed in the bankruptcy petition, the effect of defendant's discharge on the claim is unknown to the court.

David R. Clark testified at the hearing before Judge Kuhn and said that all notes concerning the incident would have been entered in the missing journal. Mr. Clark had no personal recollection

about the incident on which employees were working. He said that he had checked with his former wife who told him that he was the one who had the records. Mr. Clark has since gone through personal bankruptcy.

Mrs. Clark, or the former Mrs. Clark, did not appear or testify at the hearing before Judge Kuhn.

Earlier cases speak of an inference of abandonment when there has been an inordinate delay in bringing a case to trial. For example:

"Laches does not depend on the statute of limitations, but on whether due diligence has been shown and, if not, whether the delay has been prejudicial to the adverse party: McGrann v. Allen et al., 291 Pa. 574. See also Townsend v. Vanderwerker, 160 U.S. 171. Nevertheless, as a general rule, where the plaintiff suffers a pending suit to remain without action on his part for over six years, it might, unless there was compelling reason therefor, be treated as abandoned and a non pros properly entered." Potter Title & Trust Co., Admr. v. Frank et al., 298 Pa. 137, 141, 148 Atl. 50, 52 (1924).

Some cases involved no discussion of prejudice, holding that long periods of delay alone justified dismissal. Waring v. Pa. Railroad Company, 176 Pa. 172, 35 Atl. 106 (1896) (24 years old); Gallagher v. Jewish Hospital Association of Philadelphia, 425 Pa. 112, 228 A.2d 732 (1967). However, in 1968, the Supreme Court refined the test to require a three-part analysis.

"The circumstances under which this discretion may properly be exercised by a court below have often been set forth. A court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has

been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." James Bros. Lumber Co. v. Union Banking & Trust Co. of Du Bois, 432 Pa. 129 at 132, 247 A.2d 587 at 589 (1968), quoted in Moore v. George Heebner, Inc., 321 Pa. Super. 226, 229, 467 A.2d 1336, 1337 (1983).

The Superior Court has extended what might be considered prejudice to include "any substantial diminution of defendants' ability to present factual information in the event of trial which has been brought about by plaintiff's delay." American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen, 274 Pa. Super. 285, 288, 418 A.2d 408, 410 (1980).

It can be argued that any delay causes diminution in memory. Substantial delay arguably causes substantial diminution. However, there is more involved than expediting trials and concluding lawsuits. The rule must be measured against policies of time limitations imposed by the legislature.

Laches is not, of course, a statute of limitations. Laches could involve either a longer or a shorter period than an applicable statute. Still, this court has not found authority for dismissal when the delay is less than a relevant statute of limitations (other than the now-defunct 240-day rule). The discussions indicate that at least the statutory period is needed.

The Superior Court has said:

"While there may be similarity between the statute of limitations and the non pros procedure, the method of applicatoin [sic] is quite different. The statute of limitations is applied or denied on the basis of simple arithmetic, while the non pros procedure contemplates a review of all of the circum-

stances to determine whether a party is chargeable with want of due diligence in failing to proceed with reasonable promptness. Admittedly the statutory period may be a circumstance but it is not the controlling circumstance. The granting of a non pros is based on the equitable principle of laches. James Brothers Co. v. Union Banking and Trust Co. of Du-Bois, 432 Pa. 129, 247 A.2d 587 (1968)." American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen, 274 Pa. Super. 285, 288, 418 A.2d 408, 410 (1980).

Nonetheless, the statutory time limit has been referred to as at least a beginning measurement. The same court, in Kennedy v. Bulletin Company, 237 Pa. Super. 66, 346 A.2d 343 (1975), said that delay as long or longer than the applicable statute is generally considered as sufficient grounds for a non pros if other tests (including prejudice) are met.

The statute of limitations for personal injuries is and always has been two years. 42 Pa.C.S. §5524. That has certainly been exceeded in this case.

However, effective June 29, 1984, the legislature tolled the statute during minority. That provision reads:

"(b) *Infancy.*—If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such a person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection the term "minor" shall mean any individual who has not yet attained the age of 18." 42 Pa.C.S. §5533(b).

Defendant correctly points out that the enactment was not given express retroactive effect. It argues that absent a clear legislative intent to make the statute have retroactive effect, it must be interpreted prospectively only, citing Lando v. Urban Redevelopment Authority of Pittsburgh, 49 Pa. Commw. 566, 411 A.2d 1274 (1980).

Lando squarely holds that a suit time barred under a repealed statute cannot be maintained under a longer subsequent statute. However, the intent of the legislature can be interpreted by what they have done. For example, it was held that a statute creating a new form of action was not subject to prospective/retroactive analysis. Williams v. Wolfe, 297 Pa. Super. 270, 443 A.2d 831 (1982).

In the area of minority, the legislature has not repealed a statute of limitations, nor has it reenacted one. It has provided that time during minority be excluded from the running of the statute.

The court hastens to say that the exact issue of section 5533(b) is not now before us for decision. However, it is relevant in judging both delay and prejudice.

With this in mind, we review some of the facts of the case.

The effect of bankruptcy cannot really be considered. It has not been directly raised nor argued as a bar to the action. It occurred prior to the commencement of the suit and prejudice attending cessation of business cannot be attributed to the delay in bringing this case to trial.

The journal has been misplaced or lost. Apparently, neither former corporate officer can locate the journal. Mr. Clark has no independent recollection of the accident. Mrs. Clark did not testify and no explanation has been given for her absence. There has

been no exhaustive investigation launched to identify and locate employees who may have been working at the time.

Perhaps these losses of memory and record qualify as substantial diminutions. However, to adopt the view that this entitles defendant to a dismissal flies in the face, it seems to us, of the policy adopted by the legislature. In excluding times of minority, conceivably almost a full 18 years in some cases, it seems the legislature has balanced the right to meet lawsuits when memories are fresh against the impairment of infancy and has decided in favor of minor plaintiffs. Certainly, an 18 year old would be in a much better position to move a case along than a minor.

We note there are no requirements of notice to place a defendant on guard to preserve records, identities of witnesses, or memories. The prejudices that conceivably may attend the delays made possible by section 5533(b) make those before us pale by comparison.

The attached order shall be entered.

## ORDER OF THE COURT

And now, this April 28, 1986, the request for a non pros is refused.