J-S34019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN A. BELFIORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRUCK TRAINING TECHNOLOGY, | : | No. 342 WDA 2022 |
| INC., STEPHEN KRIZAN | | |

Appeal from the Order Entered March 10, 2022
In the Court of Common Pleas of Beaver County
Civil Division at No. 12561 of 2006

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                    **OCTOBER 21, 2022**

John A. Belfiore (Appellant) appeals from the order, following this Court's remand,[1] which denied Appellant's request to open the order terminating his case against Truck Training Technology, Inc. (TTT), and Stephen Krizan (Krizan)[2] (collectively, Defendants), pursuant to Pennsylvania

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See Belfiore v. Truck Tech. Training, Inc.**, 258 A.3d 549 (Pa. Super. 2021) (unpublished memorandum).

[2] Krizan was listed as a defendant in the underlying cause of action and in all trial court filings including the most recent notice of appeal.  Krizan and TTT were both represented by Matthew Huffines, Esquire (Attorney Huffines), throughout the underlying proceedings.  However, Attorney Huffines has filed a motion to quash and appellate brief listing TTT as the sole appellee.  Our later Court filings omit Krizan as a party.  Because the omission of Krizan as

*(Footnote Continued Next Page)*

Rule of Judicial Administration 1901. *See* Pa.R.J.A. 1901 (Rule 1901) (termination of inactive cases). Defendants have filed a motion to quash this appeal as improperly and untimely filed. Upon review, we deny Defendants' motion to quash and affirm the trial court's order.

In a prior appeal, this Court recounted the history of the parties' litigation as follows:

> Beginning in 2002, Appellant was employed as an instructor at TTT. At some point in 2007, Appellant and Mr. Krizan reached an oral agreement, wherein Appellant would purchase TTT from Mr. Krizan over the course of time, for a total purchase price of $300,000.00. Appellant made an initial payment of $98,715.00, which entitled him to receive 32.9% of the net income of the business.
>
> On September 11, 2008, Appellant filed a civil complaint against [Defendants] alleging that he had been locked out of financial matters and physically prevented from entering the business. Appellant's complaint set forth one count for breach of contract and one count seeking an action for accounting. Complaint, 9/11/08, at ¶¶ 16-22. On October 27, 2008, [Defendants] filed an answer, new matter, and a counterclaim. Appellant filed a reply to new matter and answer to the counterclaim on November 21, 2008.
>
> On February 16, 2011, the trial court filed a notice of proposed termination of the case due to docket inactivity. On April 18, 2011, [Defendants] filed a statement of intention to proceed with the counterclaim.
>
> On August 15, 2012, Appellant filed a certificate of service reflecting that on June 15, 2012, he served upon [Defendants] his first set of interrogatories and request for production of documents. On October 16, 2012, Appellant filed a motion to

---

a party appears to be an oversight, we have corrected the caption to include him as an appellee.

compel answers to interrogatories and responses to requests for production of documents, which the trial court granted that day.

On July 15, 2015, pursuant to Pa.R.J.A. 1901, the trial court entered an order presenting its own motion to terminate the case with prejudice because the matter had been inactive for an unreasonable period. Appellant's counsel filed a motion requesting a hearing date on the motion to terminate. On August 13, 2015, the trial court entered a detailed order directing that the case would not be terminated. In addition, the order of August 13, 2015, set forth specific deadlines for the completion of discovery, filing of dispositive motions, filing of responses to any dispositive motions, oral argument on said motions, and a pretrial conference date. Thereafter, no activity appeared on the docket until [Defendants'] counsel filed a motion to withdraw on December 28, 2017. The trial court granted the motion to withdraw on December 28, 2017, and directed [Defendants] to obtain new counsel within thirty days. No further action was taken.

On July 28, 2020, the trial court, *sua sponte*, again entered an order presenting its own motion to terminate the case with prejudice because the matter had been inactive for an unreasonable period under Pa.R.J.A. 1901. On August 10, 2020, Appellant filed a motion for a hearing, which the trial court granted that day. The trial court held a hearing on August 25, 2020. At the conclusion of the hearing, the trial court entered an order terminating the case due to inactivity pursuant to Pa.R.J.A. 1901. On September 3, 2020, Appellant filed a motion for reconsideration, which the trial court denied ….

**Belfiore**, 258 A.3d 549 (unpublished memorandum at 1-3).

On appeal, this Court reversed the trial court. **See id.** (unpublished memorandum at 9). Applying our Supreme Court's decision in **Shope v. Eagle**, 710 A.2d 1104 (Pa. 1998), we remanded for the trial court to determine whether Defendants had suffered prejudice warranting dismissal under Rule 1901. **Belfiore**, 258 A.3d 549 (unpublished memorandum at 9).

In accordance with this Court's directive, the trial court conducted hearings on November 15 and 24, 2022, limited to the issue of prejudice. On February 23, 2022, the trial court filed its opinion and order finding that Appellant's undue delay caused Defendants actual prejudice warranting termination of Appellant's action under Rule 1901.

On March 10, 2022, Appellant filed a "Motion for Reconsideration," which was inaptly captioned, as Appellant sought to open the trial court's order terminating the case.[3] **See** Motion, 3/10/22, ¶ 12 (requesting the court "afford the parties a reasonable opportunity to review documents" presented at the November hearing); **see also** Pa.R.C.P. 3051 (relief from judgment of *non pros*). The trial court denied Appellant's motion that same day. Order, 3/10/22. On March 22, 2022, Appellant filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Defendants have filed a motion to quash, claiming Appellant untimely and improperly filed his notice of appeal from the trial court's order denying "reconsideration." Motion to Quash, 6/1/22, ¶ 7. Defendants assert the "February 2[3], 2022 Order terminated the case due to inactivity[.]" Appellees' Brief at 14.

---

[3] **See** Pa.R.C.P. 126 (providing that rules "shall be liberally construed[,]" and "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.").

As stated above, Appellant incorrectly captioned his petition to open as a motion for reconsideration. "[A] trial court's [] order denying a petition to open and/or strike a judgment of *non pros* is immediately appealable as of right pursuant to Pa.R.A.P. 311(a)(1) (stating orders refusing to open, vacate or strike off judgment are appealable as of right)." ***Sabella v. Milides***, 992 A.2d 180, 184 (Pa. Super. 2010) (quotation marks omitted). Thus, Appellant's appeal, filed within 30 days of the trial court's February 23, 2022 and March 10, 2022, orders, is timely. ***See*** Pa.R.A.P. 903 (requiring notice of appeal to be filed within "30 days after the entry of the order from which the appeal is taken."). We therefore **deny** Defendants' motion to quash.

Appellant presents the following issues:

I. Did the trial court abuse its discretion in failing or refusing to apply the actual prejudice test in entering judgment of *non pros*, terminating [Appellant's] cause of action for lack of docket activity?

II. Did the trial court abuse its discretion in refusing to consider late discovered evidence offered by [Appellant]?

Appellant's Brief at 3 (most capitalization omitted).

"The question of whether an action has been properly terminated pursuant to Pa.R.J.A. 1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." ***Tucker v. Ellwood Quality Steels Co.***, 802 A.2d 663, 664 (Pa. Super. 2002) (internal citations omitted). "An abuse of discretion may not be found merely because an appellate court might have

reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Dibish v. Ameriprise Financial*, *Inc.*, 134 A.3d 1079, 1095 (Pa. Super. 2016).

Rule 1901 reflects the general policy of this Commonwealth to promote the prompt completion of litigation. *Golab v. Knuth*, 176 A.3d 335, 340 (Pa. Super. 2017). Pursuant to Rule 1901, "[w]here a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." Pa.R.J.A. 1901(a). Moreover, "each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court...." Pa.R.J.A. 1901(b).

Appellant first claims the trial court abused its discretion by refusing to apply the "actual prejudice" test in terminating his cause of action for lack of docket activity. *Id.* at 11. Appellant references Krizan's September 17, 2015, deposition testimony, states Appellant "paid the purchase price for approximately one third of the company, approximately $100,000, that he had a copy of the written agreement for the sale, and that he had a copy of the check by which payment was made." *Id.* at 13. Appellant then directs our attention to Krizan's testimony that he was unable to locate the check for the purchase price, and points out Krizan's inability to locate the check was

not prejudicial, as the check would have been retained by the bank. *Id.* at 14.

Appellant also disputes that Krizan's inability to locate prior employees causes prejudice, as those employees "did not have knowledge of the terms of the sale." *Id.* at 13. According to Appellant, "the trial court significantly limited the amount and type of evidence [Appellant] could present for the record." *Id.* at 14. Finally, Appellant asserts the trial court "would not look to the source of negative facts for [Defendants]." *Id.*

Defendants counter that they "put forth two different defenses" to Appellant's allegations of breach:

> 1) Appellant breached the contract between the parties by neglecting work, disparaging the business causing loss [*sic*] business opportunities, and converting business property; and 2) [Defendants] paid what was owed under the contract to Appellant or in the alternative [Defendants] should be credited with payments made to Appellant.

Appellees' Brief at 20 (citations omitted). Defendants emphasize the trial court's finding of prejudice based on, *inter alia*, Krizan's inability to remember key facts that would support these defenses. *Id.* at 20-21.

As we previously observed:

> The Note to Rule 1901 supports the conclusion that prejudice is required before a case is terminated for inactivity. The Note states that the rule has no effect on the substantive law. The substantive law prior to the promulgation of Rule 1901 required that the adversary be prejudiced by the delay before a case is dismissed for inactivity. *James Bros. Lumber Co. v. Union Banking & Trust Co.*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). This requirement continues in effect notwithstanding the enactment of Rule 1901. **We therefore conclude that**

- 7 -

> **prejudice is required before a case is dismissed for inactivity.**

***Belfiore***, (unpublished memorandum at 7) (emphasis added) (quoting ***Shope***, 710 A.2d at 1107-08). Accordingly, we reversed the trial court's prior order and remanded solely for the court's consideration of whether Appellant's delay caused Defendants prejudice. ***Id.*** (unpublished memorandum at 9).

Prejudice may be established "by the death or absence of a material witness." ***Jacobs v. Halloran***, 710 A.2d 1098, 1103 (Pa. 1998). This Court has defined prejudice as "any substantial diminution of a party's ability to properly present its case at trial." ***Metz Contracting Inc. v. Riverwood Builders, Inc.***, 520 A.2d 891, 894 (Pa. Super. 1987); ***accord Jacobs***, 710 A.2d at 1103.

Instantly, the trial court found that Defendants were prejudiced by Appellant's delay. The court explained:

> The defendants bear the burden of proof of establishing actual prejudice in a Rule 1901 Termination situation. ***See Shope***, 551 Pa. at 366-67, 710 A.2d at 1107-08[;] ***Jacobs***[,] 551 Pa. [at] 358, 710 A.2d [at] 1103 …. Defendants have presented evidence of actual prejudice here. First, defendant Stephen Krizan testified that his memory of events has faded due to the passage of 14 years (between 2007 and 2021) since the events in question. For example, Krizan testified that he cannot remember the underlying events without reference to the Complaint (***see*** Tr., Vol. I, p. 10 and Vol. II, p. 10). Also, Krizan testified that he cannot remember when [Appellant] bought shares in the company and when [Appellant] started as a shareholder (***see*** Tr., Vol. I, p. 15). Krizan stated that his recollection of these events is important because the shorter period during which [Appellant] was a shareholder, the less that the [*sic*] would be owed. (***See*** Tr., Vol. I, p. 17).

Further, Krizan testified to a complete lack of recollection of witnesses to events important to his defense of [Appellant's] claims (**See** Tr., Vol. I, pp. 21-22). He further testified that he cannot remember details and the names of witnesses pertinent to the defense of whether money is owed to [Appellant], and if so, what amount. (**See** Tr., Vol. I, pp. 23-25).

A review of the discovery deposition transcript of the testimony of Krizan, included in the record as Exhibit A to the hearing, reveals that Krizan testified to a lack of recollection of important events numerous times. This was separate and apart from his hearing testimony of November, 2021.

In light of this testimony, the [c]ourt looks to the decision of the Pennsylvania Superior Court in **American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen**, 274 Pa. Super. 285, 418 A.2d 408 (1980). In that case, the Superior Court held that prejudice can be based upon any substantial diminution of a defendant's ability to present factual information based upon lack of memory due to plaintiff's delay. **Id.** at 288-89, 418 A.2d at 410. The delay in **American Bank and Trust Co. v. Pennsylvania** was only five years; whereas, the delay here is 14 years. Moreover, the [c]ourt acknowledges that the **American Bank** case involved a judgment of *non pros* and not a Rule 1901 Termination, but it must be remembered that the **Shope** Court determined that the same three[-]part test applicable to *non pros* situations is applicable to Rule 1901 dismissals. [**Shope**,] 551 Pa. at 367, 710 A.2d at 1107-08.

Next, [D]efendants presented testimony/evidence of lost or missing documentary evidence necessary to the defense, including missing or lost accounting books (**see** Tr., Vol. I, p. 26), business documents (**see** Tr., Vol. 1, pp. 29-30) and mail (**see** Tr., Vol. I, p. 31). Krizan also testified to the importance of these documents to his defense. (**See** Tr., Vol. I, pp. 28-29, 30, 31 and 36). The **American Bank** case is again instructive because the Superior Court found missing documents (audit records) to be a basis for prejudice. **Id.** at 289, 418 A.2d at 410. Lost documentary evidence was also found to be a relevant ingredient to prejudice in **Kennedy v. Bulletin Co.**, 237 Pa. Super. 66, 70, 346 A.2d 343, 345-46 (1975) (a five and one-half year delay in a *non pros* case).

Third, Krizan testified to his lack of memory as to when certain potential witnesses worked at defendant [TTT] and that he

had no business documents available to reconstruct this. (***See*** Tr., Vol. I, pp. 33-37). Krizan also testified to the death of a former material witness employee. (***See*** Tr., Vol. I, pp. 35-36). The inability to call and produce witnesses due to the delay constitutes prejudice. ***Shope***, 551 Pa. 368, 710 A.2d at 1108; ***Kennedy***, 237 Pa. Super. at 70, 346 A.2d at 345.

Fourth, defendant Krizan testified that [TTT] is no longer in business/operation, and cannot indemnify him in the event a judgment would be entered against him. This was found to be a valid basis for prejudice in ***Kennedy***, 237 Pa. Super. 15 70, 3436 A.2d at 345-46.

In sum, the [c]ourt finds that there is now ample evidence of record to substantiate a finding of the third prong of the Rule 1901 dismissal standard, namely actual prejudice.

Trial Court Opinion, 2/23/22, at 2-4. The trial court's findings are supported in the record, and we discern no abuse of discretion by the trial court in finding prejudice. ***See id.***; ***see also Tucker*** 802 A.2d at 664.

In his second issue, Appellant argues the trial court abused its discretion by refusing to consider his "late discovered" evidence. Appellant's Brief at 15. Appellant asserts that *after* the November 15 and 24, 2021, remand hearings, he discovered a box of documents "he believed were given to him by Krizan in response to a discovery request." ***Id.*** Appellant challenges the trial court's refusal to open the termination order to allow consideration of these documents. ***Id.*** at 16. Appellant contends that in denying his request for relief, the trial court improperly limited "the inquiry into whether Defendant[s] ha[d] been prejudiced by the delay." ***Id.***

Our review discloses that during the November 24, 2021, hearing, Appellant produced a box of documents not previously produced. N.T.,

11/24/21, at 32. Appellant described the box as including "financial records, payroll records, checks, [and] accounts payable for 2007." *Id.* According to Appellant, the documents were copies of documents produced during discovery. *Id.*

In rejecting this argument, the trial court explained:

[Appellant] produced a box of documents at the November 24, 2021 hearing that he claimed he had suddenly found several days before the last hearing in the case, after the initial appeal was decided by the Superior Court, and 14 years after the litigation began. His attorney had not even seen the documents before they were produced on November 24, 2021. The discussion between the [c]ourt and counsel and the testimony transcribed at pages 32-61 of Volume II of the hearing transcript of November 24, 2021 further evidences not only [Appellant's] dilatory conduct, but also his creation of prejudice by not producing or discovering alleged business records and documents for 14 years. Once [D]efendants no longer had access to, or information regarding, witnesses and documents, [Appellant] attempted to bring forward a large box of documents never before produced, despite discovery requests, to hopefully save the day.

For the reasons stated above, the [c]ourt finds actual prejudice and again will terminate this case pursuant to Rule 1901 in an Order entered this same date.

Trial Court Opinion, 2/23/22, at 4. Again, the record supports the trial court's findings and we discern no abuse of discretion. *See Shope*, 701 A.2d at 1108 (equitable principles should be considered when dismissing a case for inactivity). Accordingly, no relief is due.

Motion to quash denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/21/2022