Potter Title & Trust Co., Admr., Appellant,
*v.* Frank et al.

Argued October 2, 1929. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

138

*William S. Moorhead,* of *Moorhead & Knox,* with him *Lawrence D. Blair,* for appellant.—The entry of the judgment of non pros was error: Daley v. Iselin, 212 Pa. 279; Susquehanna Mut. F. Ins. Co. v. Clinger, 10 Pa. Superior Ct. 92; Hillside Coal & Iron Co. v. Heermans, 191 Pa. 116; Edwards v. Ry., 268 Pa. 228; Forrest v. Transit Co., 261 Pa. 383; Munley v. Boro., 215 Pa. 228; Alpha Portland Cement Co. v. Construction Co., 19 Pa. Dist. R. 1118; Schmidt v. Heimberger, 21 Pa. C. C. R. 564; Ward v. Patterson, 46 Pa. 372.

*James S. Crawford,* of *Patterson, Crawford, Arensberg & Dunn,* for appellees, was not heard.

OPINION BY MR. JUSTICE WALLING, November 25, 1929:

At the inception of the transaction here in question the Rail & River Coal Company, a corporation organized under the laws of West Virginia, with offices in Pittsburgh, was the owner of thirty-one thousand five hundred acres of coal and three hundred and twenty acres of surface in Belmont County, Ohio. The stock of this company, comprising twenty thousand shares, was practically all owned by a syndicate composed of Isaac W. Frank, W. R. Woodford, W. L. Kann and Raymond M. Kaufmann, surviving executor and trustee of the estate of Jacob Kaufmann, deceased, copartners, known as the Rail & River Coal Syndicate. The latter, in December, 1911, entered into an agreement to sell their stock in the corporation to the Grand Trunk Pacific Development Company, a subsidiary of the Grand Trunk Railway Company, for $3,390,000. This agreement was consummated in April, 1912. Joseph Ramsey, Jr., a resident of New Jersey, claimed a commission of ten per

cent on this sale on the ground that as agent for the syndicate he had procured it under an agreement for such commission. The syndicate denied his claim, and he brought two suits in equity and one at law against its members in the United States Court. All of these suits were dismissed or discontinued without passing upon the merits of the case. Ramsey died July 7, 1916, and in February, 1917, the Potter Title & Trust Company of Pittsburgh was appointed ancillary administrator of his estate and in October, 1917, brought this action of assumpsit against the members of the syndicate for the cause of action above mentioned. Neither Woodford, nor the Rail & River Coal Company (named as defendants) was served or appeared.

Plaintiff filed a statement of claim on November 19, 1918, to which an affidavit of defense, raising legal questions only, and a motion to strike plaintiff's statement of claim from the record, were filed January 17, 1919. This came up on the argument list on February 4, 1919, and was continued, so far as appears, without objection. The defendant, Kann, died in 1927. Nothing further was done in the case until September 17, 1928, when plaintiff presented a petition for leave to file an amended statement, accompanied by a copy thereof. A rule to show cause was granted, to which the defendants filed an answer accompanied by a petition asking that a non pros be entered because of plaintiff's laches. After a hearing and upon due consideration, the trial court filed an opinion and an order granting the petition for a non pros and refusing the petition for leave to file the amended statement, whereupon plaintiff brought this appeal.

The question of granting a non pros on account of plaintiff's laches, in such case, is addressed to the discretion of the trial court, with which an appellate court can interfere only to correct an abuse thereof: Forrest v. P. R. T. Co., 261 Pa. 383, 388. In Ins. Co. v. Clinger, 10 Pa. Superior Ct. 92, Judge BEEBER, speaking for the

court, says (page 102) : "There is no fixed rule as to the length of delay that will prevent plaintiffs proceeding. It is a question of discretion controlled by the facts of the particular case, and the decision of the court below will not be reversed unless there is a manifest abuse of discretion."

We find nothing in this record to suggest an abuse of discretion. The action is founded on a simple contract, under which Ramsey's right accrued, if ever, in 1911. Hence, this suit was just brought in time to prevent the plea of the statute of limitations. The statement of claim was not filed until fourteen months after the suit was brought, and then it was so extended that, with the attached exhibits, it occupies ninety pages in the printed record, much of which is irrelevant as pleading. It was far from the concise statement of claim required by the Practice Act of 1915. Plaintiff's attempt to file an amended statement is proof of the insufficiency of the original. Defendants were within their rights in moving to strike off the statement. See section 21, Act of May 14, 1915, P. L. 483, 487. True, the defendants could have forced the issue, but were not bound to do so. Why should they voluntarily incur the trouble and risk of expensive litigation? In Waring Bros. & Co. v. P. R. R. Co., 176 Pa. 172, 178, a leading case upon the question of laches, Mr. Justice GREEN, speaking for the court, says (page 178) : "The full period of the statute had expired more than twice over before the declaration was filed, and if such a delay in prosecuting an action may be practiced with impunity, it is not easy to see that there is any limitation of time within which a plaintiff may harass a defendant by a mere suit without pleadings thus clouding his title, disturbing his peace and damaging his business. It is no reply to say that the defendant may compel the plaintiff to declare his cause of action. It is not his duty to do so, but it is the plaintiff's duty to proceed with his cause within a reasonable time. He is the actor and must act, or fail of his action." This has

been followed in many subsequent cases, including Stewart v. Phila., 240 Pa. 569. Plaintiff is the actor and it is his duty to bring on the trial. Yet, in the instant case, from February 4, 1919, until September 17, 1928, a period of over nine years and seven months, plaintiff took no steps whatever to bring the case to trial. The excuses given for this unreasonable delay are wholly insufficient. The claim was old when the action was brought, older when the statement of claim was filed and now, after the nine years and seven months further delay, and approximately seventeen years after it is claimed the right of action accrued, it is so old it should not be given new life. Meantime parties and witnesses have died, estates have been distributed, and the memories of such as survive have been dimmed by the passing years. Kann, and the president of the Grand Trunk Railway Company, who consummated the sale, are dead, and it would be remarkable if anything like a fair trial could be had at this late day.

Laches does not depend on the statute of limitations, but on whether due diligence has been shown and, if not, whether the delay has been prejudicial to the adverse party: McGrann v. Allen et al., 291 Pa. 574. See also Townsend v. Vanderwerker, 160 U. S. 171. Nevertheless, as a general rule, where the plaintiff suffers a pending suit to remain without action on his part for over six years, it might, unless there was compelling reason therefor, be treated as abandoned and a non pros properly entered. This conclusion finds support in recent decisions. In Prettyman v. Irwin, 273 Pa. 522, 526, we hold, in effect, that an action will ordinarily be adjudged abandoned where plaintiff permits it to sleep for a longer period than is allowed for the commencement of the suit, unless the laches is satisfactorily explained. In Eilenberger v. D., L. & W. R. R. Co., 6 Pa. D. & C. Rep. 170, Judge MAXEY, in a well-considered opinion, after reviewing many cases, holds that as a general rule a suit should be non prossed unless brought to trial within

six years from its inception. Of course, this could not apply where the delay resulted from other than plaintiff's default. In Munley v. Sugar Notch Boro., 215 Pa. 228, we hold that a plaintiff's delay of over eight years in bringing his pending case to trial will be treated as an abandonment and entitle the defendant to have the case non prossed. Suits concerning the title to real estate stand on a different basis and the same rule as to laches does not there apply: Hillside Coal & Iron Co. v. Heermans, 191 Pa. 116. Even there a delay of twenty years will warrant a judgment of non pros: Neel v. McElhenny, 189 Pa. 489.

Where the defendant takes steps looking to a trial upon the merits, like filing an answer, entering a plea, or taking a rule upon the plaintiff to take some action in the case, it constitutes a waiver of the laches: Munley v. Sugar Notch Boro., supra; Forrest v. P. R. T. Co., supra. As a matter of common fairness, he who brings another into court should prosecute the claim against him with reasonable diligence and one who sues in a representative capacity no less so than an individual. There is no greater reflection upon the administration of justice than the permission of endless litigation.

The non pros put plaintiff out of court and ended the right to amend the pleadings.

The judgment is affirmed.