## Beveridge et al. v. Teeter.

*Frank L. Pinola*, for plaintiffs; *Edwin Shortz, Jr.*, for defendant.

VALENTINE, J., June 19, 1930.—This suit in trespass was instituted Jan. 24, 1922, to recover damages alleged to have resulted from an automobile accident which occurred May 26, 1921.

An affidavit of defense was filed by the defendant on Feb. 23, 1923, and the case not listed for trial until January, 1930, at which time the defendant moved for its continuance, and on Feb. 4, 1930, procured this rule.

The petition alleges, *inter alia:* "Plaintiffs have been guilty of unreasonable and unnecessary delay, whereby the defendant has been prejudiced and would be placed to a disadvantage if compelled to go to trial."

The answer does not deny that the delay prejudiced the defendant, but averment is made that "plaintiffs have been guilty of no more delay . . . than the defendant. If he has been prejudiced and placed at any disadvantage it is his own fault, because the case was ready for trial and by præcipe he might have an order for the trial of it."

In Potter T. & T. Co., Admin'r, *v.* Frank, 298 Pa. 137, our Supreme Court said: "True, the defendants could have forced the issue, but they were not bound to do so. Why should they voluntarily incur the trouble and risk of expensive litigation? . . . Plaintiff is the actor and it is his duty to bring on the trial."

In the instant case no step to bring the case to trial was taken until seven years after the filing of the affidavit of defense. This delay was unreasonable and raised a presumption of abandonment.

The rule of Feb. 4, 1930, to show cause why judgment of *non pros.* should not be entered is made absolute and judgment of *non pros.* entered.

From Frank P. Slattery, Wilkes-Barre, Pa.