## Peoples Bank of Greensboro v. Conn

*T. A. Waggoner*, for plaintiff.

*Higbee, Lewellyn & Higbee*, for defendant.

DUMBAULD, J., February 16, 1938.—The question thus presented is: Shall the court exercise its discretion by entering the non pros prayed for, upon the petition of a defendant who has been in default during the entire period of delay? Our answer is in the negative.

Where a discretionary act on the part of the court is invoked by a litigant, such litigant should be able to give a good reason for the performance of the act requested by the court.

Here, there is no allegation that defendant was injured in any respect by the failure of plaintiff to prosecute the action. As before noted, the action is in assumpsit. The statement of claim gave notice that an affidavit of defense was required within 15 days after service. No such affi-

davit was filed. During a limited period of time judgment could have been entered by the plaintiff against defendant for the entire amount of the claim, because of the defendant's failure to file an affidavit of defense. After a time, such judgment by default could only be entered after notice to defendant.

During neither of these periods did defendant do anything to avoid judgment by default. Not until plaintiff gave the required notice that such judgment would be taken did defendant invoke the discretionary power of the court in his behalf. He has lost nothing by any laches or negligence that plaintiff may have committed during the years. The only way that diligence on the part of plaintiff might have placed defendant in a different situation would have been to make him defendant in a judgment for the full amount of the claim. He is in no worse position now.

We can find no reason from the facts adduced for permitting a default defendant to invoke the discretion of the court in releasing him·from legal liability, on the ground that the plaintiff in a legal proceeding has extended to him the favor of not taking judgment by default.

We do not understand that there is a hard and fast rule by which an action is to be treated as abandoned and a non pros entered, simply because nothing has been done during a particular period of years. The circumstances and facts of the particular case are to be considered by the court in exercising its discretion: Potter Title & Trust Co., Admr., v. Frank et al., 298 Pa. 137; McGrann v. Allen et al., 291 Pa. 574; Townsend v. Vanderwerker, 160 U. S. 171; Prettyman v. Irwin, 273 Pa. 522.

We do not regard the authority of Johnson v. Brust, at no. 431, August term, 1933, in the Common Pleas of Westmoreland County, as applicable to the facts of our case nor binding upon us in the premises. There plaintiff alone was in default, and plaintiff alone failed to exercise diligence in placing the case at issue and bringing it to trial.

No default of defendant himself was present in that case. The distinction is obvious.

Without further elaboration, we conclude that the facts of this case are not such as to move the court, in the exercise of its discretion, to make the rule for non pros absolute.

Now, February 16, 1938, upon and after consideration, it is ordered and directed that the rule heretofore issued to show cause why the action in the above case should not be non prossed be and the same hereby is discharged at petitioner's cost.

Defendant shall have 15 days from the service of this order upon him to file an affidavit of defense. Otherwise, judgment by default may be entered against him.