Kennedy, Appellant *v.* The Bulletin Company, et al.

Argued March 19, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Julius E. Fioravanti,* for appellant.

*Lawrence I. Washor,* with him *John R. McConnell,* and *Morgan, Lewis & Bockius,* for appellee, The Bulletin Company.

OPINION BY HOFFMAN, J., October 28, 1975:

This appeal is taken from an order denying appellant's petition to open a judgment of non pros. Appellant contends that the lower court abused its discretion when it entered the judgment of non pros. against her.

On April 15, 1962, the appellee's newspaper printed an advertisement of the Philadelphia Modeling and Charm

School, Inc., containing a photograph of the appellant. Appellant filed a complaint in trespass against both the appellee and the Charm School on April 11, 1963, alleging that the publication was defamatory and in violation of her right to privacy. Pursuant to a written stipulation, the actions were severed and the appellee joined the Charm School as an additional defendant. On October 11, 1963, a praecipe for a jury trial was filed. No further action was taken until November 1, 1967, when the appellant served interrogatories on the appellee. The interrogatories were answered on June 24, 1968. On December 6, 1973, the appellant filed a certificate of readiness and a petition for major case listing, which was granted on January 8, 1974. On April 1, 1974, the appellee filed a petition for rule to show cause why a judgment of non pros. should not be granted. On May 24, 1974, the lower court entered an order granting the appellee a judgment of non pros. against the appellant. On June 21, 1974, the appellant filed a petition and rule to reconsider opening the judgment of non pros. and to reinstate the cause of action filed. The petition was denied on July 18, 1974.

"It is well-settled law that the question of granting a non pros. because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof. *Aldridge v. Great A. & P. Tea Co.*, 394 Pa. 57, 145 A. 2d 695; *Margolis v. Blecher,* 364 Pa. 234, 72 A. 2d 127; *Potter T. & T. Co. Admr. v. Frank,* 298 Pa. 137, 148 A. 50." *Gallagher v. Jewish Hospital Association of Philadelphia,* 425 Pa. 112, 113, 228 A. 2d 732, 733 (1967). A lower court properly enters a judgment of non pros. "when a party to the proceedings has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party ..." *James*

*Bros. Co. v. Union Banking and Trust Co. of DuBois,* 432
Pa. 129, 132, 247 A. 2d 587, 589 (1968). Thus, there are
three tests which govern the entry of judgments of non
pros.

First, the plaintiff's delay must indicate that he has
not prosecuted the case with due diligence. A delay as
long or longer than the applicable period of limitations is
generally considered sufficient to warrant a judgment of
non pros., if the other tests are met.[1] See 5 Goodrich-
Amram, Standard Pennsylvania Practice, 108-109. In
*Gallagher v. Jewish Hospital Association of Philadelphia,*
supra at 115, 228 A.2d at 734, our Supreme Court, quoting
*Hruska v. Gibson,* 316 Pa. 518, 175 A. 514 (1934), stated:
"The statute of limitations fixes the time as two years
from the happening of an accident to the bringing of suit.
It imposes no hardship on those who institute suit to
understand that they must bring this action within two
years. It certainly does not impose a hardship on those
bringing suit to require them to bring it to trial within
a reasonable time thereafter. If it is against public policy
to permit trespass suits to be begun more than two years
after the action arose, it is equally against public policy
to permit trespass suits to be untried more than nine
years after they were started, unless delay is satisfac-
torily explained . . . As a matter of fairness one who

---

1. Parenthetically, we note that Philadelphia County Local
Rule of Civil Procedure 1047A provides: "Whenever in any civil
action a Certificate of Readiness has not been filed and no pro-
ceedings have been docketed in the Prothonotary's Office for a
period of two successive years, the action shall be dismissed, with
prejudice, for failure to prosecute, under the provisions of this
rule. . . . Dismissal under this rule is subject to the right of any
party to reinstate the action by written application for good cause
shown after such dismissal." This rule took effect in October, 1971.
Had this rule been effective at an earlier date, a delay of five and
one-half years without any action could not have occurred. As it is,
the appellant listed the case for trial four days before dismissal
would have become automatic pursuant to this rule.

brings another into court should prosecute the claim against him with reasonable diligence."

Whether appellant's cause of action be denominated defamation or invasion of privacy, the delay has exceeded the time allowed to file suit. The statute of limitations for an action in defamation is one year, Act of March 27, 1713, 1 Sm.L. 76, §1, 12 P.S. §31; and for invasion of privacy is two years, *Hull v. Curtis Publishing Co.*, 182 Pa. Superior Ct. 86, 125 A. 2d 644 (1956).[2] In the instant case, there has been a period of approximately five and one-half years in which nothing has occurred.

Second, even if the delay is sufficient to show a want of due diligence, a judgment of non pros. will not be entered if there is a compelling reason for the delay. Appellant asserts that the delay was excusable because the long court docket delay existing at the time lulled her into inaction. This blanket assertion, however, cannot serve to justify the appellant's inaction.

Finally, the delay must cause some prejudice to the adverse party. In the instant case, it is clear that the appellee has suffered great prejudice as a result of the delay. The Philadelphia Modeling and Charm School, Inc., the additional defendant, has ceased operations and therefore cannot participate in the defense. The lower court also found that the appellee lost the use of important testimony from Charm School employees and relevant documents from Charm School files. Further, the Charm School is no longer financially solvent. Consequently, the appellee's right to indemnity from the Charm School is severely prejudiced.

Appellant contends that even if the appellee is entitled to a judgment of non pros., appellee is estopped from asserting that right. The law is clear that the right to the judgment of non pros. may be waived ". . . if there is con-

---

2. *Hull v. Curtis Publishing Co.,* supra, held that the statute of limitations in an action for invasion of privacy is two years pursuant to the Act of June 24, 1895, P.L. 236, §2, 12 P.S. §34.

duct indicating a willingness on defendant's part to try the case on the merits notwithstanding the delay, or if he is a party to, or causes the delay. In Potter Title & Trust Co. v. Frank et al., 298 Pa. 137, it was said at page 142: 'Where the defendant takes steps looking to a trial upon the merits, like filing an answer, entering a plea, or taking a rule on the plaintiff to take some action in the case, it constitutes a waiver of the laches.' " *Pennsylvania Railroad Company v. Pittsburgh*, 335 Pa. 449, 455, 6 A. 2d 907, 912 (1939) ; *accord, Poluka v. Cole,* 222 Pa. Superior Ct. 500, 295 A. 2d 132 (1972).

In the instant case the appellee answered the appellant's interrogatories in 1968, and by so doing, indicated a willingness to try the case on the merits at that time. The appellant, however, took no action until December 6, 1973. Appellee's willingness to try the case on the merits, as demonstrated by his action in 1968, does not continue indefinitely into the future. Because no action has been taken in almost five and one-half years, appellee has not waived his right to a judgment of non pros. by his earlier action.

Nevertheless, the appellant contends that the appellee waived his right to a judgment of non pros. by waiting until the case had been listed for trial. To require the appellee to act at an earlier time, however, would put him in a precarious position: he must select that time which would warrant a finding that the appellant has not met his burden of prosecuting the case, and at the same time, act before the appellant lists the case for trial. There is no justification for requiring the appellee to act at his own peril. In *Potter Title & Trust Co. v. Frank,* supra at 140, 148 A. at 52, our Supreme Court stated: "It is no reply to say that the defendant may compel the plaintiff to declare his cause of action. It is not his duty to do so, but it is the plaintiff's duty to proceed with his cause within a reasonable time." The duty, therefore, is clearly on the appellant to proceed with her cause of action and

she, not the appellee, should bear the risk of not acting within a reasonable time.

In *Rizzo v. Pittsburgh Railways Co.,* 226 Pa. Superior Ct. 566, 323 A. 2d 174 (1974), we were faced with an analogous situation. There, the case was ordered to arbitration on February 19, 1968. No further proceedings took place until January 16, 1973 when the case was scheduled for an arbitration hearing. The defendant then filed a petition requesting a judgment of non pros. The petition was granted and we affirmed.

Order affirmed.