467 A.2d 1336

William J. MOORE and Jeannette P. Moore, Peter Paige and Shirley Paige, John Thompson and Nettie Thompson, Theodore Andrews and Doris Andrews, William Lamison and Clara Lamison, Allan Bailey and Caroline Bailey, Appellants,

v.

GEORGE HEEBNER, INC., Heebner Construction Co., Russell H. Richardson, Albert E. Richardson and Delaware County Industrial Development Authority.

Superior Court of Pennsylvania.

Argued May 18, 1983.

Filed Nov. 18, 1983.

James P. Gannon, Media, for appellants.

Owen W. Nash, Media, for Heebner, etc., appellees.

Mary Kathleen Eads, Media, for Richardson, appellees.

George J. McConchie, Media, for Delaware, appellee.

Before HESTER, BROSKY and BECK, JJ.

BROSKY, Judge:

This appeal is from a *non pros* or dismissal for failure to prosecute. Consequently, appellant raises only one issue: whether that *non pros* was properly granted. Upon consideration we conclude that it was and, accordingly, affirm.

## Procedural History

The relevant procedural history is as follows. Appellant brought suit in February of 1973. Appellee Richardson filed an answer in April of 1973. On October 21, 1976 appellant's first counsel withdrew his appearance. Appellee Richardson filed an amended answer in February, 1977. Preliminary objections were filed by appellee Delaware County Industrial Development Authority (D.C.I.D.A.) on April 12, 1977, followed by Supplemental Preliminary Objections on the next day. On July 7, 1977 appellant's second counsel withdrew his appearance. The next action in the case was more than three years later. On August 28, 1980 appellant filed a petition for extension of time within which to file a certificate of readiness. Appellee D.C.I.D.A. filed an answer to that petition on October 1, 1980 and appellee Richardson filed a motion to dismiss on the fifteenth of that month. An order extending the time to file a certificate of readiness until November 30, 1980 was filed twelve days earlier. Such a certificate was filed on December 9, 1980. Again there are no docket entries until appellant's counsel entered her appearance on August 21, 1981. Around this time a conference was held at which the Court indicated it was going to dismiss the Complaint for failure to prosecute. This was not filed, however. Notwithstanding this, a petition for reconsideration was filed and, on November 16, 1981, dismissed. This appeal followed.

## Standard of Review and Test

At the outset it is necessary to note the applicable standard of appellate review.

It is well settled law that the question of granting a non pros. because of the failure of the plaintiff to prosecute

his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof.

*Gallagher v. Jewish Hospital Assn.*, 425 Pa. 112 at 113, 228 A.2d 732 at 733 (1967).

■ Then the standard which the court below was to have applied must be quoted so that we can determine whether the court below abused its discretion.

The circumstances under which this discretion may properly be exercised by a Court below have often been set forth. A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses.

*James Bros. Lumber Co. v. Union Banking & Trust Co. of Du Bois*, 432 Pa. 129 at 132, 247 A.2d 587 at 589 (1968).

### Diligence

■ On this element appellant argues that the onus was on the appellee who made the preliminary objection to list it for argument. From this he concludes that he did not delay the case and, even if he did, that the appellee acquiesced in that delay. Finally, appellant states that the court below misplaced its reliance on the fact that appellant had conducted no discovery. We find these arguments unconvincing.

The duty, therefore, is clearly on the appellant to proceed with his cause of action and he, not the appellee, should bear the risk of not acting within a reasonable time. *Kennedy v. Bulletin Co.*, 237 Pa.Super. 66 at 71–2, 346 A.2d 343 at 346 (1975). When this duty is viewed in light of the long term lack of progress in the case, it is clear that this requirement, at least, was met.

### Reason

On this second element appellant argues that a compelling reason for the delay is to be found in the fact that four different counsel have represented him in this case.

In support of this argument appellant quotes *Manson v. First National Bank in Indiana*, 366 Pa. 211 at 217–8, 77 A.2d 399 at 402–3 (1951).

> It also appears that much of the delay in the present instance was due, not to plaintiffs themselves, but to the procrastination of their counsel,—a fault not wholly uncommon, perhaps, in the legal profession. The theory on which a non pros is entered is that, owing to the lapse of time, the plaintiff has presumably abandoned the action, but in the present case it appears that plaintiffs were extremely eager to proceed with the suit and from time to time kept bombarding their counsel with inquiries as to why the proceedings were allowed to lag. While, generally speaking, a litigant is bound by the actions or inactions of his counsel, there is authority for the proposition that when a plaintiff places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel...

Taken on its face, this quotation would appear to mandate our deciding this case in appellant's favor. Indeed, it would seem to require that a *non pros* never be entered if only counsel alleges his own inadvertence or neglect.[1]

However, another, superficially inconsistent line of cases also appears. *Hale v. Uhl*, 293 Pa. 454 at 458, 143 A. 115 at 116 (1928); *Brigham v. Eglin's of Philadelphia, Inc.*, 406 Pa. 99 at 101, 176 A.2d 404 at 405 (1962). In these cases it appears that the neglect or inadvertence of counsel does not constitute a reason for avoiding a *non pros.*

In the face of these apparently irreconcilable cases, Judge Cercone, of this Court, authored an opinion which clarified

---

1. In this line see also *Kulp v. Lehigh Valley Transit Co.*, 81 Pa.Super. 296 at 299 (1923); *White v. Alston*, 231 Pa.Super. 438 at 442, 331 A.2d 765 at 767 (1974).

the law in this area. *Dupree v. Lee,* 241 Pa.Super. 259 at 265–6, 361 A.2d 331 at 331–5 (1976).

In so holding we are not unmindful of the line of cases which allow for the vacating of a non pros or the ope..ing of a default judgment where the reason for the non pros or default judgment is merely mistake, oversight or neglect of counsel. (citations omitted).

These cases, however, do not support a blanket rule that all judgments of non pros can be vacated simply by an admission of counsel that he was negligent. Such a rule would allow the purpose behind a non pros to be easily circumvented. If counsel's mistake, oversight, or neglect is to be a reason to vacate a non pros, that mistake, oversight or neglect must be *reasonably* explained. (citations omitted).

As was stated in *Hale v. Uhl,* 293 Pa. 454, 458, 143 A. 115, 116 (1928), "If for such unsubstantial reasons a salutory rule of court could be set at naught, it would be useless, and a defendant would be unable to protect himself from intolerable delays." If counsel's explanation or excuse for his mistake, oversight, or neglect, is *reasonable,* then the second criteria for opening a non pros will be met and the non pros may be vacated. However, if counsel merely states that he was negligent without offering a reasonable explanation or excuse, we are left with no alternative but to refuse to vacate the non pros. The argument that refusing to vacate a judgment of non pros punishes the plaintiff for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained. There must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice.

■ Applying this justice-oriented standard to the case before us, we hold against appellant. After alleging the neglect of prior counsel, appellant does not go on to offer a reasonable explanation for that neglect. Merely because

four counsel are involved, rather than one, does not obviate the need for such an explanation.

### Prejudice

█ This third and last element is also not met. Appellee placed on the record, through affidavits, a long series of evidentiary difficulties which they would face as a consequence of the delay. This alone would justify the lower court's refusal to vacate the *non pros*.

We do. not construe the element of prejudice to the defendant to be limited to the death or absence of a material witness or the disappearance of a record, as the plaintiff argues, but believe it includes any substantial diminution of defendants' ability to present factual information in the event of trial which has been brought about by plaintiff's delay.

*American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen,* 274 Pa.Super. 285 at 288–9, 418 A.2d 408 at 410 (1980).

\*     \*     \*

For all of the foregoing reasons, the order declining to vacate the *non pros* is affirmed.