520 A.2d 891

**METZ CONTRACTING, INC., Appellant,**

v.

**RIVERWOOD BUILDERS, INC. and Chance Associates, Inc.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1986.

Filed Feb. 3, 1987.

James H. McCune, Washington, for appellant.

Philip A. Fabiano, Pittsburgh, for appellees.

Before BROSKY, ROWLEY and POPOVICH, JJ.

BROSKY, Judge:

This appeal is before us from an Order entered by the trial court dismissing appellant's claim for inactivity of record and entering judgment in favor of appellee, Chance Associates, Inc.[1]

---

1. The Sheriff's return indicates that appellee's co-defendant in the lower court, Riverwood Builders, Inc., was not found when service of the summons in Equity was originally attempted on it. The record does not disclose any subsequent efforts to serve Riverwood. Therefore, since Riverwood was never a party to this litigation, the only appellee before us is Chance Associates, Inc.

The issue before us is whether appellant has shown good cause for inactivity of record for more than two years. We have scrutinized the briefs of the parties and the record, and we conclude that appellant's contention lacks merit. Accordingly, we affirm.

Appellant initiated the instant action against appellee by praecipe for a writ of summons in equity on May 14, 1982. The writ issued the same day, and service was completed on June 9, 1982.[2]

No further activity occurred in this matter until appellee filed its Petition to Show Cause why the case should not be dismissed with prejudice on January 17, 1986. A Rule to Show Cause why the matter should not be dismissed for unreasonable activity in accordance with Pa.R.J.A. 1901 was entered against appellant, returnable February 28, 1986. On that day, appellant filed its Complaint against appellee.[3] A response to the Petition to Show Cause was also filed.

On March 31, 1986, the trial court entered its Order dismissing the instant case for inactivity of record and entered judgment in favor of appellee. This appeal followed.

Pennsylvania Rule of Judicial Administration 1901(a) authorizes disposition of inactive cases. The general policy espoused in subsection (a) is

> to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of

**2.** The Sheriff's return dated June 8, 1982 indicates that service was made upon Creative, Inc., the entity which purportedly purchased appellee. Another return dated June 9, 1982, shows that a J. Harold Autenreath was also served. The record is silent concerning the relationship of Mr. Autenreath to appellee. In any event, appellee admits in its Petition to Show Cause why the case should not be dismissed that it was served with the writ on June 9, 1982. Also, an appearance for appellee was entered on December 3, 1985.

**3.** The record does not indicate how or if service of the complaint was effected upon appellee. However, in its brief to this Court, appellee does make reference to allegations in the Complaint.

time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

Similarly, the Comment following this Rule explains that it is designed to ease the administrative burdens of the judicial system by clearing the dockets of matters stalemated because of the parties' failure to seek termination through dismissal or otherwise.

Subsection (b) of Rule 1901 delegates primary responsibility for implementation of subsection (a), *supra*, to the local rule-making authority of each Court of Common Pleas.

However, to protect the parties' due process rights before entry of an order terminating a matter because of an unreasonable length of inactivity, Pa.R.J.A. 1901(c), mandates minimum standards of at least 30 days' written notice for opportunity to be heard on the proposed termination in person or by mail to the affected parties or their counsel. Notice by publication is a permissible substitute where mail cannot be delivered or is returned undeliverable or where the matter evidences an inactive docket during the previous two year period. This subsection also provides for reinstatement upon good cause shown where the action has already been terminated after notice by publication.

The promulgation of local rules for the Courts of Common Pleas is governed by Pa.R.C.P. 239 which, in subsection (b), provides that "[l]ocal rules shall not be inconsistent with any general rules of the Supreme Court or any Act of Assembly." Furthermore, "[a] civil action or proceeding shall be dismissed for failure to comply with a local rule ... promulgated under Rule of Judicial Administration 1901." Pa.R.C.P. 239(f).

■ Thus, any local rule of court adopted to dispose of cases remaining inactive on the docket for an unreasonably lengthy period of time must comport with the requisites of Pa.R.J.A. 1901(c). *Taylor v. Oxford Land, Inc.*, 338 Pa.Super. 609, 488 A.2d 59 (1985), *petition for allowance of appeal granted*, 508 Pa. 425, 498 A.2d 833 (1985), (Allegheny County Common Pleas Court Rule 229(e) automatic

termination provision[4] inconsistent with Pa.R.J.A. 1901(c) notice requirement); *accord Winger v. Crowthers, Inc.*, 353 Pa.Super. 369, 510 A.2d 355 (1986) (Chester County Common Pleas Court Rule 214.4); *Cf. Davison v. John W. Harper, Inc.*, 342 Pa.Super. 560, 493 A.2d 732 (1985) (Delaware County Common Pleas Rule 227.2 requiring order to accompany post-verdict motions that trial testimony be transcribed mandates notice prior to dismissal of motions for non-compliance).

■ Instantly, appellee filed its Petition to Show Cause on January 17, 1986, and served a copy of this petition on appellant in advance of filing on December 6, 1985. Appellant filed its response to this petition. The rule was returnable on February 28, 1986, at which time a hearing was held, and an order dismissing for inactivity was entered. We are therefore satisfied that the petition/response/hearing procedure followed in the case at bar complied with the minimum standards set forth in Pa.R.J.A. 1901(c) and that dismissal under subsection (a) thereof was proper.

We note in the record before us the absence of any petition to reactivate. However, because we conclude that the procedure followed in the lower court satisfied the minimum notices standards of Rule 1901(c), *supra*, we will treat appellant's response to appellee's Petition to Show Cause as a request to reactivate to determine whether it meets the good cause threshold. *Moore v. George Heebner, Inc.*, 321 Pa.Super. 226, 467 A.2d 1336 (1983).

■ In so doing, we acknowledge that our scope of review here is limited to ascertaining whether the lower court, in dismissing appellant's cause of action for failure to

**4.** This former Rule, revoked April 8, 1985, effective May 1, 1955, provided:

Any matter pending in the Civil or Family Division in which there has been no activity of record for a period of two (2) years or more *shall be terminated automatically by operation of law by reason of inactivity....* The matter may be reactivated by the Court upon petition for good cause shown after such notice as the court shall direct. The filing of a paper after automatic termination under this rule shall not reactivate the terminated matter.

(Emphasis added).

prosecute within a reasonable time, committed an abuse of its discretion. We will not disturb that discretion absent a finding of manifest abuse thereof. *Moore, supra, citing Gallagher v. Jewish Hospital Assn.*, 425 Pa. 112, 228 A.2d 732 (1967); *see also,* Comment following Pa.R.J.A. 1901. In this regard, our court has adopted a three-step analysis to be followed in determining whether dismissal is proper.

> A Court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses.

*Moore, supra,* 321 Pa.Superior Ct. at 229, 467 A.2d at 1337, *quoting James Bros. Lumber Co. v. Union Banking & Trust Co.*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

Since we consider appellant's response to appellee's Petition to Show Cause in the nature of a request to remove the dismissal, we are bound to apply the *James Brothers* criteria to the instant facts.

■ In determining upon whom the onus falls for diligent prosecution of a case, we conclude that the duty of going forward here fell upon appellant, especially in view of the long period of dormancy after the filing of the intial writ of summons and the consequent flurry of activity by appellant undoubtedly precipitated by appellee's Petition to Show Cause, *Moore, supra* ; *Stringer v. Kaytes,* 318 Pa.Super. 393, 465 A.2d 11 (1983). Consequently, it cannot be gainsaid that dismissal for reason of lengthy inactivity constituted an abuse of discretion.

Even if we were to hold that the notice requirements of Section 1901(c) had not been followed below, reinstatement would be improper, nonetheless, absent a reasonable explanation for the inactivity. *Moore, supra.*

■ Turning to the explanation proffered instantly (Appellant's Answer to Petition to Show Cause, R. 36), appel-

lant reasons that the original summons in equity was filed by prior counsel in 1982 and that new counsel prepared the Complaint which was filed in 1985 (but only after appellee's Petition to Show Cause was heard and simultaneously with its (appellant's) response thereto). We cannot, however, accept this bald assertion, without more, *Moore, supra,* as we note that the docket here does not even reflect that change, *Wurster v. Peters,* 318 Pa.Super. 46, 464 A.2d 510 (1983). It is wholly inadequate merely to assert that new counsel appeared on behalf of appellant after a three year void. *Stringer, supra.* Exasperation with counsel's stewardship, in light of the long delay here, does not, standing alone, provide a sufficient basis for cause to reinstate. *Stawiarski v. Hall,* 300 Pa.Super. 67, 445 A.2d 1302 (1982). The mere neglect or inadvertence of counsel to proceed over a period of three years is inadequate to signify good cause for reinstatement. *Moore, supra* ; *Corcoran v. Fiorentino,* 277 Pa.Super. 256, 419 A.2d 759 (1980).

■ The final element in our analysis concerning the propriety of dismissal of appellant's action is the prejudicial effect, if any, of the delay upon appellee. Our determination of prejudice is not limited to the death or absence of a material witness contemplated by *James Brothers, supra.* Rather, if any substantial dimunition of a party's ability to properly present its case at trial results, then prejudice can be said to have attached. *American Bank & Trust Co. v. Ritter, Todd and Haayen,* 274 Pa.Super. 285, 418 A.2d 408 (1980). Instantly, appellee argues that its ability to present factual information at trial may be substantially diminished because of potential inaccessibility of relevant records due to the bankruptcy status of the contractor for whom appellant allegedly performed excavation work on real property purportedly owned by appellee. We hold that these evidentiary difficulties are sufficient to grant dismissal. *See Moore, supra.*

Thus, in light of the purpose sought to be served by Pa.R.J.A. 1901, we conclude that the trial court did not

abuse its discretion in ordering dismissal pursuant to the mandate of that Rule. Accordingly, we affirm.

Order affirmed.