524 A.2d 954

**Hugh CARROLL, Justice Ad Litem for the Estate of Rita Carroll, Deceased, on Behalf of All Persons Entitled To Share In Damages, Appellant,**

v.

**Murray H. KIMMEL, M.D., Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1987.

Filed April 23, 1987.

Neil E. Jokelson, Philadelphia, for appellant.

John H. McKeon, Jr., Philadelphia, for appellee.

Before CAVANAUGH, OLSZEWSKI and MONTEMURO, JJ.

OLSZEWSKI, Judge:

■ This is an appeal from the entry of a judgment of non pros [1] against appellant Hugh Carroll as trustee ad litem for the estate of Rita Carroll. Appellant claims the trial court erred in granting a judgment of non pros in favor of appellee, Dr. Murray H. Kimmel. We disagree with appellant and consequently affirm the judgment.

The following chronology is drawn from the record and the uncontested facts in the briefs:

February 27, 1978—Rita Carroll dies.

February 28, 1980—Plaintiff-trustee files a notice complaint with the arbitration panels for health care claiming appellee, Dr. Kimmell, "has committed torts causing injury and death to Rita Carroll, resulting from the furnishing of medical services which were or should have been provided." (R.R. 1a).

April 1, 1980—Counsel for appellee enters an appearance.

April 9, 1980—Appellee files a rule to file a complaint.

April 23, 1980, and May 19, 1980—Appellee grants two twenty-day extensions in which appellant is to file a complaint.

July 3, 1980; August 8, 1980; August 11, 1980; October 30, 1980—Courtesy letters exchanged between counsel focusing on appellant's failure/inability to review the case.

October 27, 1980—Appellee files an election of jurisdiction pursuant to Pa.R.Civ.P. 213(f) to transfer the case from arbitration to the Court of Common Pleas of Philadelphia County.

November 11, 1980—Appellant sends a courtesy letter stating he will "promptly advise" appellee of his intent to proceed.

November 28, 1980—The case is transferred to the Court of Common Pleas of Philadelphia County.

---

1. A direct appeal may be filed from a judgment of non pros. *See Erie Human Relations Commission v. Erie Insurance Exchange,* 304 Pa.Super. 172, 450 A.2d 157 (1982).

December 17, 1980—Appellant sends letter to appellee explaining that he had not yet received and reviewed the hospital records.

February 18, 1981—Appellee requests a reply within ten days regarding appellant's intentions.[2]

November 7, 1983—Appellant receives notice that the case has been dismissed by the Court of Common Pleas for failure to file a certificate of readiness.

November 25, 1983—Appellant files a motion to file a certificate of readiness nunc pro tunc.

December 29, 1983—Court grants appellant's motion and certificate of readiness is filed.

December 27, 1984—Parties are called to a pre-trial conference.

January 7, 1985—appellant's complaint is filed and service is made. In that complaint, appellant alleges that Dr. Kimmell failed to remove kidney stones during surgery performed on Mrs. Carroll in 1975 and, thereafter, did not provide proper follow-up care. Appellant claims that the doctor's treatment or lack of treatment contributed to Mrs. Carroll's death due to a massive myocardial infarction.

On January 25, 1985, appellee filed preliminary objections in the nature of a motion for judgment of non pros pursuant to Pa.R.Civ.R. 1037(c), which provides:

(c) In all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission.

The trial court granted the motion and entered an order on May 8, 1986, which stated in full:

AND NOW, this eighth day of May, 1986, upon consideration of Defendant's Motion to Determine Preliminary Objections in the nature of a Motion for Judgment of Non Pros and Plaintiff's Answer thereto, it appearing that:

2. The reproduced record contains a letter dated June 16, 1981, addressed to appellant stating that a motion to dismiss will be filed within five days. Because counsel for appellant claims that his letter is not in his files, we will not consider it.

1. Plaintiff has shown lack of due diligence in the prosecution of this case by delaying FIFTY–EIGHT months before filing complaint, after having filed and served a Notice Complaint;

2. Plaintiff has advanced no compelling reason which would excuse or justify his failure to proceed;

3. Destruction of certain medical records by the hospitals in their regular course of business has prejudically impaired the ability of Defendant to defend this lawsuit, *Goldsborough v. City of Philadelphia*, 309 Pa.Super. 347, 455 A.2d 643 (1982);

it is hereby ORDERED and DECREED that said Preliminary Objections are GRANTED and Judgment of Non Pros is entered against Plaintiff.

Order, May 8, 1986, *reproduced in* appellant's brief at 2.

█ In this appeal, appellant claims: (1) the record is devoid of evidence that he failed to pursue the case with diligence; (2) that any delay is not attributable to him; and (3) that appellee has not suffered prejudice by the alleged delay. We cannot agree with appellant's contentions.

Twenty years ago, our Supreme Court authorized the entry of a judgment of non pros pursuant to Pa.R.Civ.P. 1037(c) in a case procedurally similar to the one at hand. In *Gallagher v. Jewish Hospital Assoc.*, 425 Pa. 112, 228 A.2d 732 (1967), plaintiffs commenced an action in 1946 but took no further steps until 1965 when a complaint was filed. Shortly thereafter, defendants filed a motion for entry of a judgment of non pros. *Gallagher*, 425 Pa. at 113, 228 A.2d at 733. In affirming the grant of a non pros, the Court relied upon two grounds: the inherent power of the court to grant a non pros for an unreasonable delay and Pa.R.Civ.P. 1037(c). *Id.*, 425 Pa. at 116–117, 228 A.2d at 734–735. In reviewing the propriety of the entry of a non pros, the *Gallagher* Court stated:

It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such

discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof.

425 Pa. at 113, 228 A.2d at 733 (citations omitted).

The standards for determining whether the trial court abused its discretion in granting a non pros are also well settled:

> A Court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses.

*Moore v. George Heebner, Inc.*, 321 Pa.Super. 226, 229, 467 A.2d 1336, 1337 (1983), *quoting, James Brothers Lumber Co. v. Union Banking & Trust Co. of DuBois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). In view of these standards, we conclude the trial court acted well within its discretion in granting a judgment of non pros.

### Diligence Element

Appellant delayed almost five years in pursuing this case. "A delay as long or longer than the applicable period of limitations is generally considered sufficient to warrant a judgment of non pros if the other tests are met." *Kennedy v. Bulletin Co.*, 237 Pa.Super. 66, 346 A.2d 343, 345 (1975) (footnote omitted) (delay of five and one-half years in bringing tort action justified a judgment of non pros). The delay here continued for a period of time far longer than the two-year statute of limitations governing appellant's claims of negligence. Consequently, the court's finding that appellant failed to act diligently is confirmed.

Appellant argues, however, that the onus was on appellee to take action forcing appellant to file a complaint. We disagree. "The duty, therefore, is clearly on the appellant to proceed with his cause of action and he, not the appellee, should bear the risk of not acting within a reasonable time." *Kennedy*, 237 Pa.Super. at 71–72, 346 A.2d at 346.

In view of the long delay and appellant's failure to actively pursue this case, the trial court correctly found that this requirement was met.

### Reason for the Delay Element

As we noted above, case law requires us to determine whether a "compelling reason" for the delay was advanced. Nowhere in the record or briefs does appellant offer a "compelling reason" for the lengthy hiatus in this case. Appellant's only explanation is by way of argument in brief wherein he states that the delay was by "joint agreement of the parties." Appellant's brief at 13. Appellant's argument is belief, however, by the record; the uncontested documentary evidence demonstrates that the only "joint agreement" to delay the case was made in 1980 when counsel for appellee agreed to two twenty-day time extensions. Appellant fails to offer a compelling reason for the other fifty-seven months' delay before filing the complaint.

Appellant continues in this regard by summarily arguing that a non pros may not be entered where the delay was caused by counsel's excusable neglect. *See, generally, Moore,* 321 Pa.Super. at 229, 467 A.2d at 1338–1339 (neglect of counsel may be a "compelling reason" for delay if counsel offers a reasonable explanation for the neglect). Appellant's counsel does not pursue this argument and fails to offer a reasonable explanation for any conceivable mistake, oversight, or neglect on his part. We refuse to speculate as to either the cause or the reason for the delay.

### Prejudice Element

■ We also find that this final element has been satisfied. In support of its motion for non pros, appellee submitted an affidavit stating that every diagnostic x-ray, film, and report pertaining to the decedent's urological problems and surgery have been destroyed as a matter of routine and regular housekeeping practice. Affidavit of Denise M. Barger, exhibit G of appellee's motion for non pros. The type of prejudice necessary to support a non pros is not "limited

to the death or absence of a material witness or the disappearance of a record" but "includes any substantial diminution of (the) ability to present factual information in the event of trial which has been brought about by plaintiff's delay." *American Bank and Trust Co. v. Ritter, Todd and Haayen,* 274 Pa.Super. 285, 289, 418 A.2d 408, 410 (1980).

Given the allegations in appellant's complaint, *supra,* such evidence undoubtedly would have been crucial to an effective defense and, perhaps, to the presentation of appellant's own case. For example, appellant averred that during a March 1975 operation to remove ureteral stones, appellee failed to remove a "mass of other stones. then present within the left kidney of the plaintiff's decedent." (R. 24a, par. 4.) Appellee's ability to refute that claim has been seriously prejudiced by the destruction of a post-operative film of the abdomen which, according to appellee, "showed no evidence of remaining stones." (R. 53a.) There can be no dispute that the post-operative film, together with the subsequent films documenting the decedent's urological condition, would not have tended "to make a fact at issue more or less probable" and therefore have constituted material evidence under Pennsylvania law. *Martin v. Soblotney,* 502 Pa. 418, 422, 466 A.2d 1022, 1024 (1983). Further, appellant's claim that appellee failed to provide proper follow-up care to the decedent would be jeopardized given that the post-operative reports have been destroyed.

We are convinced that the destruction of such material evidence, coupled with the inevitable fading of memory and diminution of appellee's ability to produce evidence, firmly supports the trial court's finding of prejudice.

Finally, we reject appellant's claim that appellee has waived the right to file for a judgment of non pros. Such a waiver would occur where the movant "indicates through his conduct a willingness to try the case on the merits notwithstanding the delay." *De Siato v. Shahboz,* 277 Pa.Super. 333, 336–337, 419 A.2d 798, 800 (1980). After a careful examination of the record, we can find no action by

appellee indicating a waiver had occurred. Appellee's grant of two time extensions to appellant was a mere courtesy and occurred early in the proceedings. Nor do we believe that appellant's filing of a certificate of readiness after three years of inactivity prevents the entry of a judgment of non pros. As in *Kennedy, supra,* a judgment of non pros may be granted despite the filing of a certificate of readiness. Furthermore, as we noted above, it was incumbent upon appellant to advance his cause of action; appellee cannot be held to have waived the opportunity for a non pros by failing to make such a request at an earlier time.

In sum, we are convinced that the requirements for a non pros have been adequately demonstrated. Finding no abuse of discretion, we affirm the order and judgment.