554 A.2d 925

**PENN PIPING, INC., Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA.**

Superior Court of Pennsylvania.

Argued June 28, 1988.

Filed Feb. 1, 1989.

Reargument Denied March 20, 1989.

20

Lee V. Price, Pittsburgh, for appellant.

Diane B. Quinlin, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and MELINSON, JJ.

JOHNSON, Judge:

This is an appeal from an Order dismissing the instant action for failure to prosecute. We reverse.

This action arose as a result of dealings between Penn Piping, Inc., (PPI) a commercial contracting company, and Insurance Company of North America, (INA) who acted as surety on various payment and performance bonds issued to owners who had contracted for PPI's services. PPI alleges that INA defaulted on its oral promise to continue to issue such bonds. On September 22, 1980 a Praecipe For a Writ of Summons was filed. On December 8, 1980 PPI filed for bankruptcy under Chapter 11. On December 12, 1980, pursuant to a Rule entered upon it, PPI filed its initial Complaint against INA. On June 12, 1981, pursuant to an Order of Court, PPI filed an Amended Complaint. INA has never answered or otherwise pleaded to this Amended Complaint. Six years later, on June 16, 1987, INA filed a Rule to Show Cause why the case should not be dismissed for lack of activity pursuant to Pa.R.J.A. 1901.

After oral argument before the Honorable R. Stanton Wettick an Order was issued on November 4, 1987 making the Rule absolute and dismissing the case for lack of activity. PPI appeals from this Order, raising the following issue:

I. May the court dismiss a case for an alleged lack of prosecution when the moving party has contributed to the delay and the moving party is not prejudiced?

■ It is well settled law that the grant of a *non pros* is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Gallagher v. Jewish Hospital Association of Philadelphia*, 425 Pa. 112, 228 A.2d 732 (1967). In properly exercising its discretion, the trial court considers whether, 1) a party to the case has shown a lack of due diligence in proceeding with the suit, 2) there has been no compelling reason for the delay, and 3) the delay has caused some prejudice to the adverse party such that a substantial diminution of his ability to present his case at trial exists. *James Brothers Lumber Company v. Union Banking & Trust Company of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968).

■ The trial court concluded that since there was inactivity of record for more than two years without a showing of good cause the proceeding must be dismissed. The trial court based its decision on the case of *International Telephone and Telegraph Corporation v. Philadelphia Electric Company*, 250 Pa.Super. 378, 378 A.2d 986 (1977) which involved the dismissal of an action pursuant to a local rule of court of Philadelphia County. This rule mandated the automatic dismissal of any case whose docket entries evidenced inactivity for two successive years, upon sixty days notice to the parties. However, the instant action was instituted in Allegheny County where there has been no parallel rule in effect since Allegheny County Local Rule 229(e) was ruled ineffective and unenforceable for failure to provide for pretermination notice as required by Pa.R.J.A. 1901. *Taylor v. Oxford Land, Inc.*, 338 Pa.Super. 609, 488 A.2d 59 (1985), *aff'd* 513 Pa. 34, 518 A.2d 808 (1986). Thus, the trial court misapplied the law in its finding that the case must be dismissed for lack of prosecution.

Notwithstanding the rationale of the trial court, it is well established in this Commonwealth that an appellate court may affirm a decision of a trial court if the result is correct

on any ground. *Green v. Juneja*, 337 Pa.Super. 460, 487 A.2d 36 (1985), *appeal denied.* We therefore consider whether the grant of a *non pros* was correct in the instant case.

 PPI first contends that it was error for the trial court to grant a *non pros* when INA contributed to the delay in prosecuting the case by not filing an Answer to the Amended Complaint. We disagree with this contention however, because it has long been established that the duty is on the plaintiff to proceed with the cause of action and the plaintiff, not the defendant, should bear the risk of not acting within a reasonable time. *Kennedy v. Bulletin Company*, 237 Pa.Super. 66, 346 A.2d 343 (1975), *Metz Contracting, Inc. v. Riverwood Builders, Inc.* 360 Pa.Super. 445, 520 A.2d 891 (1987), *allocatur denied*, 515 Pa. 623, 531 A.2d 431 (1987). In this case, where no Answer was filed to the Amended Complaint PPI could have exercised the remedy available through Pa.R.C.P. 237.1, a notice of intent to take a default judgment for failing to answer or otherwise plead to PPI's Amended Complaint. If this notice failed to bring a response from INA, a Praecipe for entry of a Judgment Upon Default, Pa.R.C.P. 1037(b), could have been instituted. Neither of these remedies was employed by PPI, the party squarely responsible for moving forward with the prosecution of the case. We therefore find that PPI has demonstrated a lack of due diligence.

In addition, we agree with the trial court that PPI has shown no compelling reason for its six-year delay. There is no evidence in the original court records to support PPI's assertion that settlement discussions between the parties have stalemated the progress of this litigation, or that PPI has even engaged in discovery.[1] We have already estab-

1. PPI refers to a deposition taken of Joseph Tice, an INA representative, on July 21, 1987. A copy of the alleged deposition has been included as part of PPI's reproduced record. According to the official list of docket entries and the Allegheny County Prothonotary's office, this deposition is not among the original documents contained in the record certified to this court. Only original papers filed in the lower court, including any transcripts and the certified copy of docket

lished that PPI cannot use INA's failure to file an Answer to the Amended Complaint as an excuse for its own delay. Thus, PPI having shown no compelling reason for its delay in prosecuting its case, the second prong of the *James Bros.* test has been satisfied.

After a thorough review of the record, however, we find that INA has made no showing that its case was prejudiced by PPI's delay in prosecuting its case. The third prong of the *James Bros.* test, the showing that prejudice has occurred to the adverse party such that it has suffered a substantial diminution of its ability to present its case at trial, has not been met. INA, in its attempt at establishing that its case was prejudiced, merely pronounced, without explanation, that prejudice is "obvious" and that "witnesses (non-specific) have dispersed and memories faded." (R.R. at 38a). Since no explanation has been offered concerning the specific witnesses affected or the evidence that is missing due to PPI's delay, we refuse to speculate as to whether INA has incurred substantial prejudice.

The proper grant of a *non pros* necessitates a separate showing of all three prongs of the *James Bros.* test. *James Bros. v. Union Banking, supra, Carroll v. Kimmel,* 362 Pa.Super. 432, 524 A.2d 954 (1987) *allocatur denied,* 517 Pa. 613, 538 A.2d 496 (1988). To accept a lesser showing would be to create new law. While it is true that a lengthy delay may well impede a party's ability to present his case, length of delay is not, in itself inherently prejudicial. In the case where prejudice to the adverse party's case has occurred, it would not be burdensome for the moving party to make such a showing, and thus meet the criteria of the *James Bros.* tripartite test.

entries, constitute the record on appeal. Pa.R.A.P. 1921. An appellate court may consider only the facts which have been duly certified in the record. *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974).

Furthermore, PPI admitted in its second Answer to the Petition to Dismiss filed one day after the date of the alleged deposition, that no formal discovery had been conducted and that it was unaware if any action had been taken by INA concerning the conduct of discovery.

INA has failed to meet its burden of showing that it has been prejudiced in its efforts to conduct its case at trial by PPI's delay in prosecuting. By granting a *non pros* without a showing of each element of the *James Bros.* test, the trial court committed an error of law. We therefore reverse the Order of the trial court.

Order reversed.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I agree with the majority's findings that the record exhibits a lack of due diligence on the part of appellant in failing to proceed with the instant litigation and that appellant has neglected to demonstrate a compelling reason for not doing so. My disagreement with the majority focuses on the third prong of the test—a demonstration of prejudice to the adverse party.

Appellee contends, without supporting case law, that this show of prejudice is unnecessary. This assertion is incorrect, for prevailing case law has established that the party seeking dismissal for failure to prosecute carries the burden of proving that a substantial diminution of its ability to present its case at trial exists. *Moore v. George Heebner, Inc.*, 321 Pa.Super. 226, 467 A.2d 1336 (1983), *citing American Bank & Trust Co. v. Ritter, Todd and Haayen*, 274 Pa.Super. 285, 418 A.2d 408 (1980).

The instant litigation involves a dispute between the parties arising from appellee's alleged refusal to perform on bonds issued to guarantee completion of several construction projects for which appellant had subcontracted and to pay material suppliers in the event appellant could not fulfill its obligations. The projects which involved the bonds at issue spanned the years 1974, 1975 and 1976. Since the genesis of this litigation in 1980, no discovery has been undertaken.

I find it difficult to comprehend, in the absence of any discovery since the inception of this litigation, how, twelve

to fourteen years after the events in question, either party to this litigation could garner any reliable facts from any witnesses to prepare for trial. Moreover, a delay as long as or longer than the applicable statute of limitations for commencement of the particular action warrants dismissal for lack of prosecution so long as the other prongs of the *James Brothers* test are met. *Carroll v. Kimmel,* 362 Pa.Super. 432, 524 A.2d 954 (1987), *allocatur denied,* 517 Pa. 613, 538 A.2d 496 (1988); *Kennedy v. Bulletin Co.,* 237 Pa.Super. 66, 346 A.2d 343 (1975). To be sure, the bar of the limitations period h'.s been construed under the diligence prong of that test. *See Carroll* and *Kennedy, supra.* But I see no reason why failure to prosecute over a period of time already exceeding the applicable statute of limitations for commencing an action should not be deemed inherently unreasonable and prejudicial to the proponent of the dismissal. Admittedly, the expiration of the limitations period is a circumstance to consider, albeit not the controlling one. Rather, the granting of a *non pros* is based upon the equitable principle of laches. *James Bros. Lumber Co. v. Union Banking & Trust Co.,* 432 Pa. 129, 247 A.2d 587 (1968); *American Bank & Trust, supra.*

I would hold that a lack of prosecution for as long as or longer than the applicable statute of limitations for commencement of an action, absent a compelling reason therefor, constitutes such substantial diminution of a party's ability to present its case at trial as to satisfy the requisite showing of prejudice, especially where it is demonstrated by appellant's admission that appellee was duty-bound to move forward with the case, coupled with appellant's shunning of the Rules of Civil Procedure designed to prompt a recalcitrant defendant to answer the suit filed against it. To hold otherwise would obviate the necessity of and pay mere lip service to the purpose of a limitations period, which is to guard against stale claims and faded memories. A contrary holding would also place this court's imprimatur on inactive, long-pending suits merely upon the non-showing of a *separate* allegation of prejudice. The equities governing the grant of a *non pros* would give way to a hypertechnical

compartmentalization of the three-pronged *James Brothers /Moore* test. Such a result I cannot sanction.

As stated earlier, the instant litigation centers around appellee's alleged default in performance and payment bonds relative to construction work performed by appellant in 1974, 1975 and 1976. Suit was commenced in September 1980, by a writ of summons. On June 12, 1981, an Amended Complaint was filed. No activity in pursuance of this suit appears as a matter of record from that date until June 16, 1987, when appellee filed its Petition to dismiss for inactive prosecution. The time from the filing of appellant's Amended Complaint to the date of appellee's Petition for dismissal represents an unexplained hiatus of six years absent a compelling reason therefor, a want of diligent prosecution and is well beyond the one-year statutory period of limitations for commencement of an action upon any payment or performance bond. *See* 42 Pa.C.S.A. § 5523(3).

The standard for appellate review of a trial court's grant of a *non pros* or dismissal for lack of prosecution has been stated as follows:

> It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof.

*Carroll, supra,* 362 Pa.Superior Ct. at 436–37, 524 A.2d at 956; *Moore, supra,* 321 Pa.Superior Ct. at 228–29, 467 A.2d at 1337, *both quoting Gallagher v. Jewish Hospital Ass'n.,* 425 Pa. 112, 113, 228 A.2d 732, 733 (1967). From the above, it appears that the scope of our review is narrowly confined to a determination of whether the trial court's action constitutes a manifest abuse of its broad discretion to grant a *non pros* or dismissal based upon unreasonable, unexplained delay. *See Carroll, supra, citing Gallagher, supra.*

Without a doubt, the trial court did not abuse its discretion in dismissing the instant suit on the basis of inactive

prosecution. A trial court possesses the inherent power to enter an order of dismissal or to render a judgment of *non pros* for unreasonable, unexplained delay. *Carroll, supra, citing Gallagher, supra.*

Moreover, Pa.R.C.P. 1037(c) provides that a trial court, on motion, "may enter an appropriate judgment against a party upon default or admission." This Rule has been construed to encompass the power to enter a *non pros* or dismissal for lack of prosecution for an unreasonably lengthy period of time. *Id.* Under either its inherent power, as supported by the record and the applicable case law, or by virtue of the blanket authority of Rule 1037(c), the trial court properly dismissed the instant suit. Finding no abuse of discretion in the trial court's action, I would uphold its Order of dismissal.[2]

2. Both parties in their appellate Briefs rely on Pa.R.J.A. 1901 as supportive or not of dismissal of this matter. While Rule 1901 provides for termination of inactive cases, it is inapplicable to the matter at hand. Subsection (a) thereof calls for dismissal *sua sponte* by the court when a matter has been inactive for an unreasonably lengthy period of time. Here, the trial court dismissed the action after consideration of the parties' Petition and Answers, respectively. As I have noted elsewhere in the text, dismissal by this procedure was proper either under the trial court's inherent power or by virtue of its blanket authority pursuant to Pa.R.C.P. 1037(c).

In accordance with subsection (b) of this Rule, the various common pleas courts of this Commonwealth are directed to implement local rules for dismissal of inactive cases. The two-year period of inactivity warranting dismissal referred to in appellee's Brief appears in the Comment following this Rule as part of the language for a suggested form of local rule. Allegheny County does not presently have a local rule of court concerning dismissal of inactive cases. Its former Rule 229(e), struck down as being inconsistent with Pa.R.J.A. 1901(c), was revoked in May 1985. *See Taylor v. Oxford Land Inc.,* 338 Pa.Super. 609, 488 A.2d 59 (1985), *aff'd* 513 Pa. 34, 518 A.2d 808 (1986).

Rule 1901(c) sets forth minimum standards for notice to parties of the proposed termination and the method for reinstatement of a matter after dismissal. Neither party calls into question the notice provisions of this subsection, nor is an application for reinstatement implicated here. *See Metz Contracting, Inc. v. Riverwood Builders, Inc.,* 360 Pa.Super. 445, 520 A.2d 891 (1987).

Finally, subsection (d) of Rule 1901 limits the court's power to entertain an application for reinstatement after disposal of records. Once again, the situation contemplated by this subsection is not germane to the matter at hand.